Pano CONCHA, M.D. and Marta Concha, as fiduciaries and on behalf of all the participants and beneficiaries of The Pano Concha, M.D., a Professional Corporation Defined Benefit Pension Plan; The Pano Concha, M.D., a Professional Corporation Defined Benefit Plan, Plaintiffs–Appellants,

v.

Philip D. LONDON; London & Lichtenberg, an accountancy corporation; Matthew Lichtenberg; London, Caldwell & Lewinson; Alan B. Lewinson; Thomas F. Caldwell, Jr.; London & Lewinson; Caldwell & Lewinson; Michael Weatherford; Southland Pension Services, Inc., William A. Saborsky; Daniel J. Van Mieghem, Integrated Pension Services, Inc.; David L. Brady, a professional corporation; King, Brady & Bazar, a law corporation; Marc Paul Jacobs; Wood, Lucksinger & Epstein; Jerry L. Freeman; King & Brady, a law corporation; and Does 1 through 1000, inclusive, Defendants–Appellees.

Pano CONCHA, M.D. and Marta Concha, Plaintiffs–Appellants,

v.

Philip D. LONDON; London & Lichtenberg, an accountancy corporation; Matthew Lichtenberg; London, Caldwell & Lewinson; Alan B. Lewinson; Thomas F. Caldwell, Jr.; London & Lewinson; Caldwell & Lewinson; Michael Weatherford; David L. Brady, a professional corporation; King, Brady & Bazar, a law corporation; Marc Paul Jacobs; Wood, Lucksinger & Epstein; Jerry L. Freeman; King & Brady, a law corporation; and Does 1 through 1000, inclusive, Defendants–Appellees.

Nos. 93–55478, 93–55695.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1994.

Decided Aug. 15, 1995.

1496

Philip W. Boesch, Jr., Alan R. Kossoff, Stephen L. Raucher, Kinsella, Boesch, Fujikawa & Towle, Los Angeles, CA, for plaintiffs-appellants.

Dean B. Herman, John H. Odendahl, Gabriel, Herman & Peretz, Los Angeles, CA, for defendants-appellees Philip D. London; London & Lichtenberg, an Accountancy Corp.; Matthew Lichtenberg; London, Caldwell & Lewinson; Alan B. Lewinson; Thomas F. Caldwell, Jr.; London & Lewinson; Caldwell & Lewinson; and Michael Weatherford.

Wayne S. Grajewski, Kim W. West, Martin L. Togni, Arter, Hadden, Lawler, Felix & Hall, Los Angeles, CA, for defendants-appellees Southland Pension Services, Inc.; William A. Saborsky; Daniel J. Van Mieghem; and Integrated Pension Services, Inc.

Jan Copley, Pasadena, CA, for defendants-appellees David L. Brady and David L. Brady, a Professional Corp.

Jerry Edelman, Warren K. Miller, Los Angeles, CA, for defendants-appellees Marc Paul Jacobs and King, Weiser, Edelman & Bazar, a Law Corp.

Before: WALLACE, Chief Judge, REINHARDT, Circuit Judge, and TANNER,* District Judge.

Opinion by Judge REINHARDT; Partial Concurrence and Partial Dissent by Chief Judge WALLACE.

REINHARDT, Circuit Judge:

Pano Concha, M.D. and his ex-wife Marta Concha ("the Conchas"), on behalf of the Pano Concha, M.D., Professional Corporation Defined Benefit Plan ("the Plan"), appeal the district court's decisions in two separate actions. In Appeal No. 93–55478 ("*Concha I*"),

the Conchas appeal the district court's dismissal of their complaint, which alleged that the defendants violated their duties to the Plan under the Employee Retirement Income Security Act ("ERISA") and under state law. We affirm the dismissal of the Conchas' state law claims, but reverse the part of the dismissal of their ERISA claims that is challenged on appeal. We conclude that the Conchas have standing under ERISA and that they have stated claims against all the defendants.

After the dismissal of the Conchas' state law claims in *Concha I*, the Conchas filed a new complaint in state court. When the defendants removed that action to federal court and the district court refused to remand, the Conchas filed a notice purporting to dismiss the action without prejudice. The district court subsequently entered an order dismissing with prejudice as to some of the defendants. In Appeal No. 93–55695 ("*Concha II*"), the Conchas seek to challenge the district court's refusal to remand the second complaint. We first conclude that the action should be treated as having been dismissed with prejudice as to all defendants. We thus have jurisdiction over this appeal. Next, we conclude that the Conchas' motion to remand was properly denied.

## I. BACKGROUND

Dr. Concha is a heart surgeon. At all relevant times, he and his wife were employees of Pano Concha, M.D., A Professional Corporation ("the Corporation"). In addition, Dr. and Mrs. Concha allege that they are participants, beneficiaries, and fiduciaries with respect to the Corporation's pension plan. The Conchas allege that they entrusted control and management over the Plan to their longtime accountant, Philip London of the London & Lichtenberg accountancy corporation. The London Defendants (London and his firm) were given and accepted "the discretion necessary to administer the Plan on a day-to-day basis." The Southland Defendants are actuaries who were given and accepted "the discretion necessary to admin-

* The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation.

ister the Plan." The Brady and Jacobs Defendants are attorneys who were retained by and acted as attorneys for the Plan. Dr. and Mrs. Concha allege that all these defendants mismanaged the Plan's assets, thereby breaching their duties under ERISA and state law.

## II. CONCHA I

### A. *Facts and Proceedings*

The Conchas filed their complaint in *Concha I* in the district court for the Central District of California. The Conchas alleged that, at all relevant times, they were employees of the Corporation and participants in the Plan. Their complaint contains seven claims: (1) breach of ERISA fiduciary duty; (2) state law breach of fiduciary duty; (3) state law negligence; (4) state law fraud; (5) state law breach of contract; (6) state law negligent misrepresentation; and (7) equitable relief under ERISA.

In response to the Conchas' original complaint, the defendants moved for dismissal pursuant to Fed.R.Civ.P. Rule 12(b)(6). Defendants asserted that all the state laws claims (counts two through six) should be dismissed, because they are preempted by ERISA. They also argued that the state law fraud claim (count four) should be dismissed on the ground that the Conchas had failed to plead with specificity any facts relating to the alleged fraud or misrepresentation, as required by Rule 9(b). While some of the defendants argued that the Conchas' claim

for equitable relief under ERISA (count seven) should be dismissed for failure to state a claim, others conceded that this count stated a claim on which relief could be granted.[1] The district court dismissed the complaint with leave to amend.

■ The Conchas subsequently filed a first amended complaint in *Concha I.* This complaint was virtually identical to the original complaint. Each group of defendants again moved to dismiss, on grounds similar to those stated in their prior motions. In addition, the London Defendants moved to dismiss the claim for breach of ERISA fiduciary duty (count one), on the ground that the Conchas lacked standing. This time, the district court dismissed counts two through seven with prejudice on the ground that these counts were preempted by ERISA.[2] The court also granted the London Defendants' motion to dismiss count one, but with respect to this count provided the Conchas with leave to amend.

In their second amended complaint, the Conchas restated their seven claims against each group of defendants. While essentially repeating the allegations contained in the prior complaint regarding the state-law claims, the Conchas amended their allegations with respect to ERISA standing. The second amended complaint stated:

> At all relevant times, plaintiffs Pano Concha and Marta Concha (collectively "Conchas") were employees of The Pano Concha, M.D., a Professional Corporation,

---

1. The London Defendants, Brady Defendants, and Jacobs Defendants argued that this count should be dismissed. The Southland Defendants, however, acknowledged that counts one and seven could be construed as cognizable claims under ERISA and should be allowed to proceed.

2. The district court's order dismissing the first amended complaint states that counts two through seven were dismissed with prejudice because of ERISA preemption. Count seven, however, is a claim for equitable relief under ERISA and thus was not subject to preemption. The court apparently made an inadvertent error in dismissing this count of the first amended complaint along with the five state-law claims. In their second amended complaint, the Conchas once again included counts two through seven. The defendants again sought dismissal of those counts, this time on the ground that they had

already been dismissed with prejudice. The district court dismissed the second amended complaint with prejudice without stating reasons. On appeal, the parties treat the dismissal of count seven as a dismissal for failure to state a claim on which relief may be granted.

For the reason already stated, we cannot affirm the district court's dismissal of count seven on the ground of preemption. Because the dismissal of that count in the first amended complaint was erroneous, we cannot affirm the dismissal in the second amended complaint on the basis of the court's earlier action. We therefore must consider whether the dismissal of count seven can be affirmed on the basis originally urged in the district court by some of the defendants and now urged before us by all of them: the failure to state a claim on which relief may be granted. *See infra* part II.B.2.b.

and thus were participants and beneficiaries of The Pano Concha, M.D., a Professional Corporation Defined Benefit Plan (the "Plan"). At all relevant times, the Conchas were also fiduciaries of the Plan.

The complaint alleged the following breaches of duty under ERISA:

All defendants, and each of them, breached their ERISA fiduciary duties to the Plan, by, among other things:

a. Paying out assets of the Plan which were neither for the benefit nor for the reasonable expense of administering the Plan, all in violation of 29 U.S.C. § 1104(a)(1)(A) and related statutes, including, without limitation, the taking of Plan assets for the defendants' personal use;

b. Engaging in self-dealing and prohibited transactions with Plan;

c. Loaning out Plan assets in amounts and on terms inconsistent with law;

d. Causing excess assets to be contributed to Plan, jeopardizing and threatening tax-exempt status; and

e. Failing to discharge their duties with respect to Plan:

(i) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity, and familiar with such matters would use in the conduct of an enterprise of like character and with like aims;

(ii) by diversifying the investments of Plan so as to minimize the risk of large losses, where no circumstances existed under which it was not prudent to do so;

(iii) in accordance with the documents and instruments governing the Plan.

The complaint further alleged that the defendants had been unjustly enriched, and that they should be held personally liable to the Plan for any losses suffered and any profits realized. The Conchas requested restitution and such other equitable or remedial relief as the court deemed appropriate.

Again, the defendants moved to dismiss, arguing that, as to count one, the Conchas lacked standing under ERISA to challenge the alleged breaches of fiduciary duties and that the complaint failed to state a claim for breach of fiduciary duty; as to the other claims, the defendants argued that they had already been dismissed with prejudice. After a hearing, the district court dismissed all counts against all defendants with prejudice. In explaining his decision, Judge Real stated: "I think Dr. and Mrs. Concha can bring—are the right plaintiffs to bring the action if they are interested in the plan." Although this remark is not entirely clear, it appears that the district judge believed that the Conchas probably had standing under ERISA but had failed to state a claim on which relief could be granted. The Conchas appealed the district court's dismissal of their ERISA and state law claims.

## B. *Discussion*

We conclude that the Conchas have standing under ERISA and that they have stated claims under ERISA against each group of defendants. Thus, we reverse the dismissal of count one as to the London and Southland Defendants and the dismissal of count seven as to all defendants. However, we affirm the district court's dismissal of all the plaintiffs' state law claims, because these claims are preempted by ERISA.

## 1. *Standing as ERISA Fiduciaries*

The first question is whether Dr. Concha and Mrs. Concha are entitled to bring this action under ERISA. We conclude that, as fiduciaries of the Plan, Dr. and Mrs. Concha have standing to challenge the alleged violations of that statute.

The Conchas assert two ERISA claims against the defendants: (1) a claim under 29 U.S.C. §§ 1104, 1109, and 1132(a)(2), for breach of fiduciary duty; and (2) a claim under 29 U.S.C. §§ 1106 and 1132(a)(3), for participation in prohibited transactions. The standing requirements for these two causes of action are identical. Sections 1109 and 1132(a)(2) of ERISA allow "a participant, beneficiary or fiduciary" to bring a civil action for breach of fiduciary duty. Section 1132(a)(3) allows "a participant, beneficiary or fiduciary" to bring a civil action challenging other violations of ERISA.

■ In their second amended complaint, the Conchas allege that they are fiduciaries of the Plan, and there is no dispute that they qualify as such. As ERISA fiduciaries, the Conchas are entitled to bring suit on behalf of the Plan and, in this capacity, may sue co-fiduciaries for breaches of fiduciary duty. *Credit Managers Association v. Kennesaw Life and Accident Insurance*, 809 F.2d 617, 626 (9th Cir.1987). We note that Dr. and Mrs. Concha have brought suit not on their own behalf but *on behalf of the Plan.* Plaintiffs allege that each group of defendants violated duties owed to the Plan, and should be held liable *to the Plan.* Sections 1109, 1132(a)(2), and 1132(a)(3) allow the Conchas to bring an action on behalf of the Plan against co-fiduciaries and other parties in interest who breach their duties to the Plan. *See Sokol v. Bernstein*, 803 F.2d 532, 536 (9th Cir.1986) (ERISA grants beneficiaries right to sue on behalf of their plan, but not on their own behalf).

In arguing that Dr. and Mrs. Concha do not have standing to challenge the actions of alleged co-fiduciaries, the defendants rely on *Call v. Sumitomo Bank*, 881 F.2d 626, 630–31 (9th Cir.1989) and *Kim v. Fujikawa*, 871 F.2d 1427, 1432–33 (9th Cir.1989). Neither of these cases supports the defendants' position that the Conchas, as fiduciaries, are barred from bringing suit against co-fiduciaries *on behalf of the Plan.* In both *Kim* and *Call*, fiduciaries had been found liable for breaches of fiduciary duty, and were bringing *contribution* actions against their co-fiduciaries. Both *Kim* and *Call* state that sections 1109 and 1132(a)(2) of ERISA establish remedies for the benefit of the plan, "but do[ ] not provide an equitable remedy of contribution in favor of a breaching co-fiduciary." *Kim*, 871 F.2d at 1432, *Call*, 881 F.2d at 630–31.

Contrary to the defendants' contention, *Kim* and *Call* actually support the Conchas' position on the question of standing. Both cases permit fiduciaries to sue co-fiduciaries under ERISA for losses sustained by a covered plan. Although *Call* and *Kim* prohibit actions for contribution, they explicitly allow fiduciaries to sue on behalf of the plan for losses suffered by the plan.[3] In this case, the Conchas are not breaching fiduciaries seeking contribution. Rather, they are fiduciaries seeking relief on behalf of the Plan. Under the plain language of section 1132(a)(2) and 1132(a)(3), they have standing to bring suit as fiduciaries of the Plan.[4]

### 2. *Failure to State a Claim Under ERISA*

The Conchas contend that the district court erred in dismissing the ERISA counts in their second amended complaint for failure to state a claim. We agree. The Conchas' allegations are sufficient to state a claim against the London and Southland Defendants for breach of fiduciary duty, in violation 29 U.S.C. § 1104. In addition, their allegations are sufficient to state a claim against all of the defendants for participation in prohibited transactions, in violation of 29 U.S.C. § 1106.

■ Because this action was dismissed under Rule 12(b)(6), the allegations contained in the complaint must be read in the light most favorable to the plaintiffs. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980). The Conchas allege that the London Defendants (the Plan's accountants) and the Southland Defendants (the Plan's actuaries) were fiduciaries of the Plan under ERISA. The London defendants allegedly "accepted . . . the discretion to administer the Plan on a day to day basis so that the Plan would

---

**3.** In *Kim*, a fiduciary brought suit against a co-fiduciary for breach of fiduciary duty. 871 F.2d at 1429. We first affirmed the district court's judgment holding the breaching co-fiduciary liable to the plan, *id.* at 1431, and then held that the breaching co-fiduciary could not bring a contribution action against other fiduciaries. *Id.* at 1432. In *Call*, we reiterated *Kim*'s holding that ERISA does not permit contribution actions by breaching fiduciaries. 881 F.2d at 630–31. Based on *Kim*, we affirmed the district court's dismissal of the plaintiffs' contribution claims.

However, we reversed the district court's dismissal of the claims seeking recovery *on behalf of the plan.* 881 F.2d at 632–34. Again, we explicitly permitted fiduciaries to sue co-fiduciaries for losses *to the plan.* 881 F.2d at 633–34.

**4.** Because we conclude that the Conchas have standing as fiduciaries, we need not address their contention that they also have standing as participants and employers, or their contention that the Plan itself has standing.

comply with all applicable laws and regulations, including ... those designed to maintain the tax qualification of the Plan." The Southland defendants "were also given, and they accepted ... the discretion necessary to administer the Plan and assure Plan complied with all applicable laws and regulations," including tax laws. Although the Conchas do not assert that the Brady and Jacobs Defendants (the Plan's lawyers) were given discretion to administer the Plan, they do allege that they "were retained by and acted as attorneys for the Plan."

According to the Conchas, each group of defendants breached its duties to the plan by: (1) paying out assets that were neither for the benefit of the Plan nor for reasonable administrative expenses, including the paying out of benefits for the defendants' personal use; (2) engaging in self-dealing and other prohibited transactions; (3) loaning out assets on terms inconsistent with the law; (4) causing excessive contributions to be made to the Plan, jeopardizing its tax-exempt status; (5) failing to discharge their duties with the care, skill, prudence, and diligence that a reasonably prudent person would use under the circumstances; (6) failing to diversify investments so as to avoid the risk of large losses, where no circumstances existed under which it was not prudent to do so; and (7) failing to discharge their duties with respect to the Plan in accordance with the documents governing the Plan. Plaintiffs further allege that the Plan suffered losses as a proximate result of defendants' breaches, and that the defendants were unjustly enriched by their actions.

### a. *Breach of Fiduciary Duty*

■ The Conchas argue that the London Defendants and the Southland Defendants may be held liable under ERISA for breaching their fiduciary duties to the Plan. We agree that the allegations contained in count one of the second amended complaint are sufficient to state a claim for breach of fiduciary duty in violation of 29 U.S.C. § 1104 as to the London and Southland Defendants.[5]

Section 1104 imposes on fiduciaries a duty to discharge their duties "solely in the interests of the participants and beneficiaries" and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use...." 29 U.S.C. § 1104(a)(1)(B). Fiduciaries are also required to diversify the assets of the plan and to abide by the documents and instruments governing the plan. 29 U.S.C. § 1104(a)(1)(C) & (D). Under section 1109, any fiduciary "who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by this subchapter shall be personally liable to make good to such plan any losses" and to "restore to such plan any profits of such fiduciary." 29 U.S.C. § 1109(a). Fiduciaries who breach their duties to covered plans may also be required to afford other equitable and remedial relief. 29 U.S.C. § 1109(a).

A person is considered a fiduciary with respect to a plan, to the extent that:

(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

In this case, the Conchas' complaint not only alleges that the London and Southland Defendants were fiduciaries, but also states that each group of defendants was given and accepted discretion to manage the Plan. The allegations contained in the Conchas' complaint are more than sufficient to state a claim for breach of fiduciary duty.

■ Contrary to the defendants' suggestion, there need not be an express delegation of fiduciary duty in the Plan instrument itself

---

**5.** Although the second amended complaint might be construed as alleging that the Brady and Jacobs Defendants are also ERISA fiduciaries, the Conchas have abandoned this argument on appeal.

for persons performing duties of a fiduciary nature to be considered fiduciaries. It is true that a person designated in the Plan as a "named fiduciary" is subject to liability. *See* 29 U.S.C. §§ 1102(a)(1) and 1105. Defendants are not correct, however, in asserting that the Plan instrument must set forth an express delegation of authority, if anyone other than a named fiduciary is to be held liable for breach of fiduciary duty. We are aware of no case so holding, and find no basis in the statute for adopting such a rule.

■ As we held in *Yeseta v. Baima*, 837 F.2d 380, 384–85 (9th Cir.1988), one must perform more than the usual professional services in order to be considered a fiduciary. In this case, the Conchas have alleged that the London and Southland defendants did in fact perform more than the "usual professional" or "ministerial" functions found in *Yeseta*. *Id.* at 384–85. The second amended complaint specifically alleges that the Southland defendants were given and accepted discretion to manage the Plan, and that the London defendants were given and accepted discretion to manage the Plan on a day-to-day basis. Thus, the Conchas have alleged precisely the kind of discretionary control over the management of the Plan that *Yeseta* requires.

■ We also reject the London Defendants' contention that the Conchas complaint was properly dismissed for their failure to allege with particularity the circumstances surrounding the alleged breaches of fiduciary duty. As a general rule, of course, the complaint need only contain a "short and plain statement" of the relevant facts. Fed. R.Civ.P. Rule 8(a). An exception exists, however, for claims of fraud or mistake. Rule 9(b) provides that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. Rule 9(b). The purpose of this rule is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Without such specificity, defendants in these cases would be put to an unfair disadvantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

■ Rule 9(b), by its terms, applies only to allegations of fraud or mistake. Nevertheless, the London Defendants argue that Rule 9(b) should be extended to all breaches of fiduciary duty under ERISA, so as to require that plaintiffs in those cases plead with particularity the circumstances surrounding the defendants' alleged breaches. We decline to extend Rule 9(b) beyond its plain terms. We have held that Rule 9(b) applies in cases of alleged securities fraud. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 539–41 (9th Cir.1989); *Deutsch v. Flannery*, 823 F.2d 1361, 1365 (9th Cir. 1987). We have also required compliance with the rule in cases in which the complaint alleges fraud under the Racketeer Influenced and Corrupt Organizations Act. *See Moore*, 885 F.2d at 541; *Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir.1988). However, we have never applied Rule 9(b) in cases in which the plaintiffs allege a breach of fiduciary duty but do not allege fraud. In fact, the London Defendants cite no case from *any* jurisdiction requiring plaintiffs to comply with Rule 9(b) when they allege breaches of fiduciary duty—under ERISA or any other law—but do not plead the commission of fraud.[6]

Cases from other jurisdiction confirm that Rule 9(b) is applicable where the plaintiffs allege fraud, but not where they simply allege breaches of ERISA fiduciary duties. In *Peoria Union Stock Yards Co. v. Penn Mutual Life Insurance Co.*, 698 F.2d 320 (7th Cir.1983), the Seventh Circuit applied Rule 9(b) to the plaintiffs' claims of fraud under state common law, but did *not* apply the rule to the plaintiff's allegation that defendants had breached their fiduciary duties under

---

6. Although Rule 9(b) applies not only to allegations of "fraud" but also to allegations of "mistake," virtually all the cases addressing the application of this rule concern fraud. *See* 2A *Moore's Federal Practice*, ¶ 9.03[1]. In any event, the London Defendants do not argue that the Conchas' complaint contains any allegations of "mistake," and we therefore do not address the meaning of this term here.

ERISA. *Id.* at 327. In another ERISA case, *Fink v. National Savings and Trust Co.*, 772 F.2d 951, 959 (D.C.Cir.1985), the District of Columbia Circuit vacated the district court's grant of summary judgment which had been based on the plaintiff's failure to comply with Rule 9(b). Absent an allegation of fraud in the pleadings, the District of Columbia Circuit held, Rule 9(b) is inapplicable. *Id.* at 989.

 The reasons for requiring compliance with Rule 9(b) in fraud claims, but not in breach of fiduciary duty claims generally, can be understood by considering the differences between the respective causes of action. Fraud arises from the plaintiff's reliance on the defendant's false representations of material fact, made with knowledge of falsity and the intent to deceive. *Pence v. United States*, 316 U.S. 332, 338, 62 S.Ct. 1080, 1083–84, 86 L.Ed. 1510 (1942); 2A *Moore's Federal Practice* ¶ 9.03[1] (1994). Plaintiffs may fairly be expected to identify with specificity the defendant's alleged misrepresentations, though they are not expected to plead with specificity the defendant's state of mind. *See Graue Mill Development Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988 (7th Cir.1991) (sustaining dismissal where plaintiff had failed to allege specific acts or omissions); *Simcox v. San Juan Shipyard, Inc.*, 754 F.2d 430, 439 (1st Cir. 1985) (Rule 9(b) allows state of mind to be averred generally). Rule 9(b) thus requires that plaintiffs specifically plead those facts surrounding alleged acts of fraud to which they can reasonably be expected to have access.

 In contrast, the circumstances surrounding alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage. Where a fiduciary exercises discretionary control over a plan, and assumes the responsibilities that this control entails, the victim of his misconduct often will not, at the time he files his complaint, be in a position to describe with particularity the events constituting the alleged misconduct. These facts will frequently be in the exclusive possession of the breaching fiduciary. Even in cases where fraud is alleged, we relax pleading requirements where the relevant facts are known only to the defendant. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987).

We therefore hold that Rule 9(b) is not applicable in cases in which the complaint alleges breaches of fiduciary duty under ERISA, and does not allege fraud or mistake. Complaints in such cases need contain only a "short and plain statement of the claim," as required by Rule 8(a). Because count one of the Conchas' second amended complaint against the London and Southland Defendants meets this requirement, we conclude that it states a claim for breach of fiduciary duty under ERISA.

We do not decide whether the London and Southland Defendants were in fact fiduciaries nor, of course, whether they actually breached any duties owed. We hold only that because the Conchas have sufficiently alleged that the London and Southland Defendants were given and accepted discretionary authority over the Plan and that they breached the fiduciary duties owed to the Plan under ERISA section 1104, the complaint states a claim on which relief may be granted.

b. *Participation in Prohibited Transactions*

The Conchas also challenge the district court's dismissal of their ERISA claim for equitable relief based on their allegation that the defendants engaged in prohibited transactions. We conclude that, under our decision in *Nieto v. Ecker*, 845 F.2d 868 (9th Cir.1988), the Conchas are entitled to pursue that claim (count seven) against all defendants.

 The Brady and Jacobs Defendants argue that because they are not fiduciaries they cannot be held liable under ERISA. We disagree. Under our decision in *Nieto*, nonfiduciaries may be held liable for equitable relief under ERISA, if they are "parties in interest" and they engaged in transactions prohibited by ERISA section 1106. 845 F.2d at 873.

*Nieto* concerned lawyers retained by a covered plan who had failed to prosecute lawsuits and had been paid for services they did

not render. We held that, although the defendants were not fiduciaries they could nevertheless be held liable as "parties in interest." *Id.* Included in the definition of a "party in interest" is "a person providing services" to a covered plan. 29 U.S.C. § 1002(14)(B). In *Nieto,* we concluded that the plan's lawyers were parties in interest and could be sued for equitable relief under section 1132(a)(3) for certain "prohibited transactions," including "receiving excessive compensation for legal services, obtaining a loan from the Funds, and engaging in similar activities in violation of ERISA §§ 406(a)(1), 408(b), 29 U.S.C. §§ 1106(a)(1), 1108(b)." 845 F.2d at 873.

Even though section 1106(a)(1) on its face appears to apply only to fiduciaries, *Nieto* holds that the section is also applicable to parties in interest who engage in transactions enumerated in section 1106. *Id.* at 873–74. That section specifically prohibits: (1) the sale or lease of property between the plan and the party in interest; (2) the lending of money between the plan and party in interest; (3) the furnishing of goods to the party in interest; (4) transfer to the party in interest of any plan assets; and (5) acquisition on behalf of the plan of any employer security in violation of ERISA section 1107(a). 29 U.S.C. § 1106(a)(1).

The allegations contained in the second amended complaint are sufficient to state a claim for participation in prohibited transactions as to all the defendants. The complaint alleges that the London and Southland Defendants were employed to administer the Plan, and that the Brady and Jacobs defendants "were retained by and acted as attorneys" to the Plan. Under section ERISA section 1002(14)(B), all the defendants are "parties in interest" because they all provided services to the Plan. *See Nicto,* 845 F.2d at 873. The complaint also alleges that all the defendants, including the Brady and Jacobs defendants, engaged in "prohibited transactions." Specifically, the complaint accuses all the defendants of taking Plan assets for their personal use, engaging in self-dealing, and loaning out assets on prohibited terms. These allegations are sufficient to state a claim for participation in prohibited transactions.

We emphasize that, under *Nieto,* equitable relief is the sole recourse for ERISA claims against nonfiduciaries. In *Mertens v. Hewitt Associates,* the Supreme Court held that relief under ERISA section 1132(a)(3) is limited to remedies available in equity, such as injunction, mandamus, and restitution. Such relief does not include compensatory or punitive damages. —— U.S. ——, —— – ——, 113 S.Ct. 2063, 2068, 2071–72, 124 L.Ed.2d 161 (1993). In this case, the Conchas' second amended complaint requests appropriate equitable relief, including restitution to the Plan. Contrary to the defendants' suggestion, section 1132(a)(3) of ERISA permits such remedies against nonfiduciaries as well as against fiduciaries. *Gibson v. Prudential Ins. Co. of America,* 915 F.2d 414, 417 (9th Cir.1990); *Nieto,* 845 F.2d at 873. While *Mertens* prevents the Conchas from seeking damages, they are entitled to pursue their claim for restitution and other equitable relief against all the defendants, including the Brady and Jacobs Defendants.

### 3. *Preemption of State Law Claims*

The district court dismissed the Conchas' state law claims in *Concha I,* concluding that they were preempted by ERISA. We agree, but for an entirely different reason than that apparently relied on by the district court. Our affirmance is based on our holding that the Conchas have standing to contest the defendants' alleged violations of ERISA. *See supra* part II.B.1. Because they have standing, and because their claims relate to the administration of a plan covered by ERISA, we agree that the Conchas' state-law claims were preempted by ERISA and thus properly dismissed.

The provisions of ERISA "supersede any and all state laws insofar as they may now, or hereafter, relate to any employee benefit plans...." 29 U.S.C. § 1144(a). The scope of ERISA's preemption provision has been deemed "deliberately expansive" and "conspicuous for its breadth." *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Gibson,* 915 F.2d at 416–17 (9th Cir.1990). ERISA's

preemption clause is not limited to state laws specifically designed to affect employee benefits plans, but extends to all claims that "arise from the administration of such plans whether directly or indirectly." *Gibson,* 915 F.2d at 416; *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1095 (9th Cir.1985). In this case, there is no dispute the Conchas' allegations arise from actions allegedly taken with respect to the administration of a covered plan.

■■■■■ Notwithstanding the remarkable legerdemain that has turned a statute designed to protect employees' pension rights into a law that strips them of most of the protection they previously enjoyed under state law, there are limits to the unusually broad preemptive sweep we have afforded ERISA. As the Conchas point out, the Act does not preempt the state-law claims of plaintiffs who are without standing to challenge ERISA violations. *Harris v. Provident Life and Accident Ins. Co.,* 26 F.3d 930, 934 (9th Cir.1994); *Curtis v. Nevada Bonding Corp.,* 53 F.3d 1023, 1026–27 (9th Cir. 1995). If the plaintiff is not a participant, beneficiary, or fiduciary, then his state law claims fall outside ERISA's sphere and are not subject to preemption. *The Meadows v. Employers Health Insurance,* 47 F.3d 1006, 1009–10 (9th Cir.1995); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1505–06 (9th Cir.1985); *Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group, Inc.,* 721 F.2d 654, 655–56 (9th Cir.1983). Thus, if the defendants were correct in asserting that the Conchas lacked standing to bring their ERISA claims, the Conchas' state law claims would not be preempted. However, the defendants were in error. Because the Conchas *do* have standing to bring an action under ERISA, and because their claims arise from the administration of a covered plan, the district court's dismissal of their state law claims was proper.

### III. CONCHA II

#### A. *Facts and Proceedings*

Following the dismissal of their state law claims in *Concha I,* the Conchas filed an action in Los Angeles County Superior Court, alleging violations of state law by the London Defendants, the Brady Defendants, and the Jacobs Defendants (but not the Southland Defendants). The Conchas alleged three state law causes of action against each of the three defendant groups: (1) legal and accounting malpractice; (2) breach of contract; and (3) breach of fiduciary duty. Although the complaint states that it "does not involve the administration of an ERISA plan," the factual allegations contained in the complaint essentially concern the defendants' alleged misdeeds in connection with the Plan.

Defendants removed *Concha II* to district court pursuant to 28 U.S.C. § 1441, and under the local court rules the case was assigned to Judge Real, the district judge who presided over *Concha I.* The Conchas moved to remand, arguing that Judge Real had determined in *Concha I* that they were without standing under ERISA and, therefore, that the federal court was without subject-matter jurisdiction over the state law claims brought in *Concha II.* The defendants opposed the motion to remand on the grounds that the Conchas were raising the same state law claims that were at issue in *Concha I* and that, whether or not they were the same claims, they were preempted by ERISA. The district court denied the motion to remand "on each of the grounds stated in the opposition papers filed by the defendants."

Before the district court issued its decision denying the motion to remand, the Conchas entered into a joint stipulation with the London and Jacobs Defendants. The stipulation provided that: "In the event the plaintiffs' Motion to Remand is denied and the state action is not remanded, plaintiffs will dismiss the state action against [the defendants], *with plaintiffs preserving any and all appeal rights* in the state action." (emphasis added). Following the court's ruling, the Conchas entered a notice purporting to dismiss the entire action *without prejudice* pursuant to Fed.R.Civ.P. Rule 41(a)(1). Two days later, the district court entered an order dismissing the complaint against the London Defendants *with prejudice.*

*B. Discussion*

■ On appeal, the Conchas seek to challenge the district court's denial of their motion to remand to state court. We first conclude that the complaint was dismissed *with prejudice* under Rule 41(a)(1) as to all defendants. Accordingly, we have jurisdiction over this appeal. On the merits, we conclude the Conchas' motion to remand was properly denied.

1. *Effect of the Rule 41(a)(1) Dismissal on Right to Appeal*

■ As an initial matter, we must determine whether or not there was an appealable final judgment in this case under 28 U.S.C. § 1291. In the absence of such a judgment, we would be without jurisdiction.

■ The Conchas purported to dismiss their complaint without prejudice under Rule 41(a)(1), after the district court denied their motion to remand. An order refusing to remand is, of course, not a final appealable order under 28 U.S.C. § 1291. *Estate of Bishop v. Bechtel Power Corp.,* 905 F.2d 1272, 1274 (9th Cir.1990); *see also* 1A *Moore's Federal Practice* ¶ 0.169[2.–3] (1993). Nor does such an order fall within the "collateral order exception" to the requirement of finality, *Estate of Bishop,* 905 F.2d at 1274, although on at least one occasion we have reviewed such an order without stating the basis for our jurisdiction. *Oregon Egg Producers v. Andrew,* 458 F.2d 382, 383 (9th Cir.1972); *see also* 1A *Moore's Federal Practice* ¶ 0.169[2.–3] n. 13.

The question in the case before us, then, is whether the dismissal of the Conchas' complaint is a final appealable judgment. Because the parties demonstrate some confusion over whether—and in what circumstances—a voluntary dismissal under Rule 41(a)(1) may constitute such a judgment, we take this opportunity to clarify our law on the subject.

■ Rule 41(a)(1) states, in relevant part, that:

> An action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or

of a motion for summary judgment, whichever comes first.

Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. *Hamilton v. Shearson–Lehman American Express, Inc.,* 813 F.2d 1532, 1534 (9th Cir. 1987). Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1). *Miller v. Reddin,* 422 F.2d 1264, 1265 (9th Cir.1970). The dismissal is effective on filing and no court order is required. *Id.* The plaintiff may dismiss either some or all of the defendants—or some or all of his claims—through a Rule 41(a)(1) notice. *Pedrina v. Chun,* 987 F.2d 608, 609 (9th Cir.1993). Filing a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930, 934–35 (9th Cir.1987); *see* 5 *Moore's Federal Practice* ¶ 41.02[2]. Such a dismissal leaves the parties as though no action had been brought. *Brown v. Hartshorne Public School Dist. No. 1,* 926 F.2d 959, 961 (10th Cir.1991).

■ Once the defendant files an answer or a motion for summary judgment, the plaintiff may no longer voluntarily dismiss without a court order under Rule 41(a)(1), but must file a motion for voluntary dismissal under Rule 41(a)(2). Court approval of a Rule 41(a)(2) motion is required. Although the procedure for obtaining a voluntary dismissal under Rule 41(a)(1) is different from the procedure for obtaining voluntary dismissal under Rule 41(a)(2), the rules regarding appealability are generally the same. A voluntary dismissal *with prejudice* under Rule 41(a)(1) has the same effect as a voluntary dismissal *with prejudice* under Rule 41(a)(2). By the same token, a voluntary dismissal *without prejudice* under Rule 41(a)(1) has the same effect as a voluntary dismissal *without prejudice* under Rule

41(a)(2). *See* 5 *Moore's Federal Practice* ¶ 41.02[5] & [6]. Therefore, in determining whether the Conchas may appeal from a voluntary dismissal under Rule 41(a)(1), we may look to cases that have considered the appealability of voluntary dismissals pursuant to Rule 41(a)(2).

 Although the Conchas, the London Defendants, and the Brady Defendants appear to assume that a voluntary dismissal without prejudice is an appealable final judgment, that is not the law in this circuit. A voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal. *Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1342, *corrected*, 773 F.2d 1049 (9th Cir.1985). Nor may a plaintiff appeal from a joint stipulation to voluntary dismissal, entered unconditionally by the court pursuant to a settlement agreement. *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir.1986); *Plasterer's Local Union No. 346 v. Wyland Enterprises, Inc.*, 819 F.2d 217, 219 (9th Cir.1987).

 In two cases, however, we have made clear that plaintiffs may appeal from a voluntary dismissal *with prejudice*, at least where the plaintiff is not acting pursuant to a settlement agreement intended to terminate the litigation. We first articulated this rule in *Coursen*, stating: "While a plaintiff cannot appeal a voluntary dismissal without prejudice, he or she may appeal a dismissal with prejudice. A plaintiff may appeal a voluntary dismissal which imposes a condition that creates sufficient prejudice in a legal sense." *Coursen*, 764 F.2d at 1342, *corrected* 773 F.2d 1049 (citations omitted). We reiterated our rule in *Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 556 (9th Cir.1986), *cert. denied*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987). There, in a carefully reasoned analysis of the issue, we concluded that *Coursen* "held that a dismissal with prejudice was appealable, whether voluntary or involuntary." 809 F.2d 548, 556 (9th Cir. 1986). Under *Coursen* and *Unioil*, the appealability of a voluntary dismissal ordinarily depends on whether the action was dismissed with or without prejudice. The basic principle we follow is that the plaintiff may appeal a voluntary dismissal only when it is with prejudice to his right to commence another action for the same cause or otherwise subjects him to prejudicial terms or conditions.[7]

While neither of our earlier cases offers a full explanation of the reasons for permitting appeals from voluntary dismissals that are with prejudice, the rationale underlying our rule is evident. A voluntary dismissal without prejudice is not adverse to the plaintiff's interests. The plaintiff is free to seek an adjudication of the same issue at another time in the same or another forum. Quite the opposite is true with respect to a voluntary dismissal with prejudice. By obtaining such a dismissal, the plaintiff submits to a judgment that serves to bar his claims forever.

There are also practical reasons underlying the distinction we draw. A voluntary dismissal with prejudice permits the appellate court to review the action of the district court that the plaintiff believes to be determinative of his claim—the action that caused him to dismiss his case. If the plaintiff prevails on appeal, and the determinative district court ruling is reversed, then his claim is remanded to the district court for further proceedings. However, if the plaintiff is unsuccessful in challenging the district court's action, then the dismissal operates as an adjudication on the merits and the litigation is terminated. Thus, a plaintiff who

---

7. We exclude from our discussion in the text dismissals designed to facilitate appellate review of jurisdictional or procedural rulings that do not bar filings in other courts or refilings in the district court—for example, rulings that there is a lack of personal jurisdiction over a party or federal jurisdiction over a claim, or that service was improper. *Cf. Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984) (dismissal without prejudice for failure to prosecute is appealable), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985); *Reuber v. United States*, 773 F.2d 1367, 1368 (D.C.Cir.1985) (plaintiff may appeal dismissal for lack of personal jurisdiction); 9 *Moore's Federal Practice* ¶ 110.08[1] ("An order dismissing for want of jurisdiction of the subject matter or jurisdiction of the person, or because of improper venue, or for any other reason is a final judgment, even though the dismissal is without prejudice."). No question of that nature is before us and we do not consider here how such review may be obtained or what form of dismissal is required.

voluntarily dismisses his action with prejudice, and thereby secures review of an order that would not ordinarily be reviewable until after a trial on the merits, runs a serious risk of losing his claim entirely. Should the appellate court reject his appeal, the dismissal of his action with prejudice stands. The plaintiff is precluded from bringing another action for the same cause, thus forfeiting any possibility of ever obtaining a favorable determination on the merits. Accordingly, permitting appeals from voluntary dismissals with prejudice is not likely to undermine our normal appellate practice by encouraging a flow of appeals that are quasi-interlocutory in nature. To the contrary, it promotes judicial economy.[8]

In this case, the Conchas seek to challenge the district court's order denying their motion to remand to state court. Whether or not we have jurisdiction to consider the appeal depends, as we have stated, on whether the Conchas' action was dismissed with or without prejudice. At first glance, the answer appears to be clear. The Conchas' notice of voluntary dismissal purports to dismiss the entire action "without prejudice." On appeal, the Conchas maintain that their complaint was indeed dismissed without prejudice as to all defendants. If they are correct, then the Conchas would *not* be limited in their ability to bring another suit for the same cause, and there would consequently be no final judgment from which to appeal. *See Unioil,* 809 F.2d at 556. Thus, we would have no jurisdiction to consider the Conchas' challenge to the district court's order denying their motion to remand.

 Things are not, however, quite as simple as they seem. We still must consider whether the Conchas Rule 41(a)(1) dismissal, though labelled a dismissal without prejudice, should nevertheless be treated as a dismissal with prejudice. If so, then we *would* have

jurisdiction to consider the Conchas' appeal of the district court's denial of their motion to remand. In this unusual case, we conclude that the label attached to the dismissal is not dispositive. As we noted in *Coursen,* "the appealability of an order depends on its effect rather than its language." 764 F.2d at 1342 (citing *LeCompte v. Mr. Chip,* 528 F.2d 601, 603 (5th Cir.1976)).

There is no question that the Conchas' 41(a)(1) notice was intended to permit them to appeal the underlying order they considered determinative. Before the district court ruled on the Conchas' motion to remand, the parties entered into stipulations, providing that, if the motion were denied, the Conchas would dismiss their complaint "with plaintiffs preserving any and all appeal rights in the state action." This stipulation makes clear that the parties intended that the Conchas be afforded the right to appeal the denial of the motion to remand. Protecting the Conchas' right to appeal could only be accomplished through a dismissal with prejudice.

Moreover, it is apparent that the Conchas would have absolutely nothing to gain by filing a voluntary dismissal without prejudice. While a dismissal without prejudice might ordinarily permit them to file a similar action based on the same cause in either state court or federal court, in this case any such filing would be fruitless. The Conchas dismissed their action because they were unwilling to proceed in federal court. Thus, the right to file once again in district court would be of no practical benefit. Only the filing of a subsequent action in state court could offer any prospect of achieving the Conchas' objective. However, that prospect would be wholly illusory. If the Conchas were to file a subsequent action in state court, it would undoubtedly be removed forthwith, thereby putting the Conchas right back in federal court, in precisely the same position in which they were prior to the dismissal. Thus, a

---

8. We note that the rationale upon which we rely in the text fully takes into account the reasons underlying the strong policy against permitting interlocutory appeals except in certain specified circumstances. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). A party who obtains review of an interlocutory order and loses is in no way precluded from proceeding with the litigation following the

adverse decision. The policy against piecemeal appellate litigation is thus at its height in such cases. Here, the opposite is true. In cases where the appellant voluntarily dismisses his action with prejudice and loses on appeal, the district court is saved the time and effort of conducting extended trial proceedings and there is in addition no possibility of piecemeal appeals.

voluntary dismissal without prejudice could serve no conceivable purpose in this case.

It is therefore clear to us what effect the Conchas, and indeed all the parties, intended the dismissal to have. It was to be a dismissal that would permit an appeal—a dismissal with prejudice. We therefore treat the Conchas' 41(a)(1) notice as a dismissal with prejudice as to all defendants, and conclude that we have jurisdiction to consider whether the district court properly denied the Conchas' motion to remand.[9]

*2. Denial of Motion to Remand*

■■■■■ On the merits, we have little difficulty in concluding that the district court properly denied the Conchas' motion to remand. All three of the state-law claims contained in the Conchas' complaint in *Concha II* concern the defendants' alleged misdeeds in connection with the Plan. Indeed, the complaint appears merely to restate the allegations contained in the complaint in *Concha I.* The district court may properly assert federal jurisdiction where the complaint raises claims that fall within ERISA's broad preemptive scope. *Felton v. Unisource Corp.,* 940 F.2d 503, 506–10 (9th Cir.1991). Here, there is no question that the Conchas' claims relate to the administration of an ERISA-covered plan, notwithstanding the self-serving disclaimer inserted on the face of the pleading. Because ERISA preempts the Conchas' state-law claims, and because the Conchas have standing to file an ERISA claim (as explained *supra* part II.B.3), denial of the Conchas' motion to remand was proper. We affirm the denial of the Conchas' motion and the dismissal with prejudice of the claims in *Concha II* as to all defendants.

## IV. CONCLUSION

In *Concha I,* we conclude that the district court erred in dismissing the counts in the

Conchas' complaint alleging ERISA claims. The Conchas have standing under ERISA as fiduciaries to sue on behalf of the Plan. They have stated a claim against the London and Southland Defendants for breaching their fiduciary duties, and a claim against all the defendants for engaging in transactions prohibited by ERISA. We therefore reverse the dismissal of count one ("Breach of Fiduciary Duty") as to the London and Southland Defendants, and count seven ("Equitable Relief Under ERISA") as to all defendants. However, because the Conchas state-law claims are preempted by ERISA, we affirm the dismissal of counts two through six as to all defendants.

In *Concha II,* we conclude that all counts against all defendants were voluntarily dismissed with prejudice pursuant to Rule 41(a)(1). Because these claims are all preempted by ERISA, we affirm the district court's denial of the Conchas' motion to remand, as well as the dismissal of the action with prejudice.

AFFIRMED in part; REVERSED in part and REMANDED.

WALLACE, Chief Judge, concurring and dissenting:

I concur in the majority opinion in *Concha I* but dissent with respect to Part III (*Concha II*).

I believe the district court was incorrect to dismiss the claims in *Concha II* with prejudice, and the majority's attempt to construe the Conchas' Rule 41(a) notice of dismissal as one asking for a dismissal "with prejudice" is wholly unconvincing in light of the record.

The following events serve to put this issue in focus. *Concha I* was filed on July 2, 1992.

---

9. The Conchas argue that the district court erred in entering an order dismissing their complaint against the London Defendants with prejudice, after the Conchas had filed their notice of voluntary dismissal. The Conchas contend that the district court lacked the authority to dismiss the complaint against the London Defendants, since the Conchas had already filed a notice of voluntary dismissal. *See Miller v. Reddin,* 422 F.2d 1264, 1265 (9th Cir.1970) (district court is without authority to enter order dismissing action

nunc pro tunc, after entry of voluntary dismissal pursuant to Rule 41(a)(1)). We need not address the Conchas' argument. Even if they are correct, it would make no difference. As we have stated in the text, their 41(a)(1) notice operated as a dismissal with prejudice. Thus, whether we look to the Conchas' notice of dismissal or to the district court's order, the result in this case is the same: We would treat the action as having been dismissed with prejudice.

*Concha II* was filed in state court on November 17, 1992, and was removed to the federal court on February 1, 1993. The Conchas moved to remand ·the claims in *Concha II* back to state court on February 10, 1993. On February 16, 1993, the district court dismissed *Concha I* with prejudice. On March 8, 1993, the parties and the district judge signed a stipulation and order, stating that in the event the Conchas' February 10, 1993, motion to remand is denied, the Conchas will dismiss *Concha II* but "preserv[e] any and all appeal rights." The district court denied the Conchas' motion to remand on March 15, 1993, and entered an order to that effect on March 24, 1993. On April 12, 1993, the London defendants filed a proposed order to dismiss *Concha II* with prejudice. The following day, April 13, the Conchas filed an objection to the April 12 proposed order and also filed a voluntary notice of dismissal in *Concha II* pursuant to Federal Rule of Civil Procedure 41(a)(1). The notice did not specifically state whether the dismissal was with or without prejudice. Ignoring the Conchas' voluntary notice of dismissal, the district court then signed the defendants' proposed order, dismissing *Concha II* with prejudice. The Conchas appealed.

The appeal in *Concha II* raises two issues: (1) was the district court correct to dismiss the Conchas' state law claims with prejudice, and (2) should the district court have remanded those claims to state court?

The majority properly points out that were we to conclude that the district court was incorrect in dismissing the Conchas' claims with prejudice, we would lack jurisdiction to resolve the issue of whether the Conchas' claims should have been remanded. The majority insists, however, on resolving the issue of whether the district court correctly dismissed *Concha II* with prejudice by treating the Conchas' April 13, 1993, Rule 41(a)(1) notice as a dismissal with prejudice. The majority gets to this point after an unnecessarily long discussion about the effects of a Rule 41(a) notice made with or without prejudice.

By relying on the March 8, 1993, stipulation, the majority concludes that because the Conchas intended to preserve their right to appeal, they must have intended to dismiss their case with prejudice. The record does not support the inference. The Conchas filed, simultaneously with their Rule 41(a)(1) notice, a motion *opposing* the April 12, 1993, proposed order to dismiss *Concha II* with prejudice. The stipulation nowhere says that the dismissal will be "with prejudice" and the Conchas' opposition to the April 12, 1993, proposed order makes it clear that they did not want their case dismissed with prejudice. On appeal, the Conchas continue to argue that the court should not have dismissed their claim with prejudice. It is inconceivable, therefore, how the majority construes the Conchas' Rule 41(a)(1) notice of dismissal as a dismissal with prejudice. The Conchas have *never* expressed such an intent, and have continued, throughout this appeal, to insist on just the opposite result. The majority also says that the Conchas must have intended for a dismissal with prejudice because a dismissal without prejudice could serve "no conceivable" purpose for them. But the Conchas disagree. If, in *Concha I*, we ruled on appeal that the Conchas' state law claims were *not* preempted, then those claims in *Concha I* would have survived. But had those very claims (and it is not disputed that the claims were identical) been dismissed with prejudice in *Concha II*, the status of the claims in *Concha I* might be uncertain. The Conchas offer this precise reason for wanting a dismissal without prejudice in *Concha II*. By every indication, therefore, the Conchas wanted and continue to want a dismissal without prejudice in *Concha II*.

There is no authority for the majority to treat the Rule 41(a)(1) notice as a dismissal with prejudice. It is true that the Conchas may have been mistaken about the appealability of a dismissal without prejudice. But that makes no difference. *See Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir.) (the "fact that the party reserves the right to appeal [cannot] make appealable an order otherwise not appealable"), *amended*, 773 F.2d 1049 (9th Cir.1985).

The real issue is whether the district judge properly dismissed *Concha II* with prejudice *notwithstanding* the Conchas' previous Rule

41(a)(1) notice of dismissal. I conclude that the district court erred.

The Conchas' Rule 41(a)(1) notice of dismissal in *Concha II*, dismissed *Concha II* as of the date of filing. Rule 41(a)(1) allows a plaintiff to dismiss his action voluntarily "(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R.Civ.P. 41(a)(1). Rule 41(a)(1) goes on to state that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice." As indicated above, neither the Conchas' April 13, 1993, notice of dismissal, nor the March 1993 stipulation, stated that the dismissal would be "with prejudice." Furthermore, the stipulation between the parties in this case was not the equivalent of an "answer" or a "motion for summary judgment" for Rule 41(a)(1) purposes. *Hamilton v. Shearson–Lehman American Exp.*, 813 F.2d 1532, 1535 (9th Cir.1987). The April 12, 1993, proposed order dismissing *Concha II* also was not an "answer." *Id.* Therefore, the Conchas' Rule 41(a)(1) notice of dismissal was effective upon filing, and served to dismiss *Concha II* without prejudice. *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir.1970) (Rule 41(a)(1) notice automatically terminates action upon filing). The district court's subsequent order purporting to dismiss *Concha II* with prejudice was therefore a nullity, *id.*, and we lack jurisdiction to determine whether the district court should have remanded the claims in *Concha II* back to state court.