Issac Adetayo GRILLO, Plaintiff—Appellant,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS; William A. Norcross State of California; California Medical Board, Defendants—Appellees.

No. 06–15479.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Jan. 7, 2009.

Naren Chaganti, Esquire, Town & Country, MO, for Plaintiff–Appellant.

Austin J. Cattermole, Esquire, Deputy Attorney General, Miguel A. Neri, Esquire, Office of the California Attorney General, Oakland, CA, Melissa Judith Listug Klick, Sandra Lynn McDonough, Esquire, Paul Plevin Sullivan & Connaughton LLP, San Diego, CA, Lynne K. Dombrowski, Esquire, Deputy Attorney General, California Department of Justice, San Francisco, CA, for Defendants–Appellees.

Before: B. FLETCHER, McKEOWN, and GORSUCH,* Circuit Judges.

## MEMORANDUM **

Isaac Grillo appeals the district court's grant of the California Department of Corrections' ("CDC's") Motion to Dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291 over those claims not barred by the Eleventh Amendment. For the reasons set forth below, we affirm the district court's dismissal of the action.

As an initial matter, Dr. Norcross is not a proper party to this appeal. Grillo filed a voluntary motion to dismiss Dr. Norcross without prejudice, which the district court granted. This is not an appealable order. *Concha v. London,* 62 F.3d 1493, 1507 (9th Cir.1995).

Next, we must decide whether we have jurisdiction over any of Grillo's claims against CDC and the California Medical Board ("CMB"), or whether they are barred by sovereign immunity. Grillo has not appealed the district court's finding that his claims for unlawful retaliation in violation of 28 C.F.R. § 551.90 and 42 U.S.C. § 1997 *et seq.,* and for violation of Equal Contracting Rights under 42 U.S.C. § 1981, are barred by sovereign immunity. Accordingly, we need not address these claims and leave the district court's ruling undisturbed.

Instead, Grillo confines his Eleventh Amendment arguments to his remaining claims against CDC: discrimination and wrongful termination in violation of Title VI and Title VII of the Civil Rights Act.[1]

---

* The Honorable Neil M. Gorsuch, U.S. Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Grillo's First Amended Complaint alleges claims under Titles VI and VII against CDC

Congress has abrogated Eleventh Amendment immunity with respect to Title VI and Title VII claims. *See, e.g., Alexander v. Sandoval,* 532 U.S. 275, 280, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001); *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004); *Cerrato v. San Francisco Community College Dist.,* 26 F.3d 968, 976 (9th Cir.1994); 42 U.S.C. § 2000d–7. Therefore, we have jurisdiction to review these claims.

We find that Grillo's Title VI and Title VII claims are precluded by the 2002 Settlement Agreement between Grillo and CDC. This agreement covers all conduct prior to 2002.[2] Whether or not it covers future conduct is irrelevant, since Grillo's only post–2002 claim against CDC is for unlawful termination. This claim fails because it was CMB, and not CDC, that required Grillo to attend the PACE program and that revoked Grillo's license. Once he was no longer licensed, CDC could not lawfully employ him; thus, his termination was not unlawful.

Accordingly, the judgment of the district court is AFFIRMED.

2. Grillo has failed to allege facts sufficient to support a claim for fraudulent inducement; thus, the Agreement is valid and enforceable.