**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. DAVID VATAN, M.D., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> QTC MEDICAL SERVICES, INC.; LOCKHEED-MARTIN CORPORATION, <br><br> Defendants-Appellees. | No. 16-55406 <br><br> D.C. No. 2:14-cv-08961-PA-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 6, 2017
Pasadena, California

Before: CANBY and REINHARDT, Circuit Judges, and BLOCK,[**] District Judge.

David Vatan appeals the district court's dismissal of two of the three claims

in his second amended complaint and its denial of leave to amend that complaint.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

In these two claims, Vatan alleges that defendants presented false or fraudulent claims for payment, in violation of 31 U.S.C. § 3729(a)(1)(A), and made, used, or caused to be made or used false records material to false or fraudulent claims, in violation of § 3729(a)(1)(B). The district court dismissed for failure to state a claim under Fed. R. Civ. P. 8(a) and 9(b). We reverse the dismissal and accordingly do not reach the denial of leave to amend.

1. Neither Rule 8(a) nor Rule 9(b) requires that Vatan plead the specific terms of QTC's contract with the VA. Vatan's second amended complaint pleads the contents of that contract pursuant to information and belief and adduces the factual basis for that belief. Where, as here, the relevant information is within the defendant's exclusive possession and control, such pleading is sufficient to satisfy Rule 9(b)'s particularity requirement. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (affirming that Rule 9(b)'s particularity requirements "may be relaxed as to matters within the opposing party's knowledge"); *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) ("Rule 9(b) . . . requires that plaintiffs specifically plead those facts surrounding alleged acts of fraud *to which they can reasonably be expected to have access*" (emphasis added)); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558-59 (9th Cir. 2010) (requiring particularity only where "it is not unreasonable to expect . . . personal knowledge of the relevant

2

facts"). The district court's requirement to the contrary would vitiate the False Claims Act, by excluding many whistle-blowers who—as here—allege insider knowledge of wrongdoing that few others would be positioned to reveal and solely lack access to the corporate documents outlining the precise nature of the company's obligations. *See United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 778 (7th Cir. 2016).

Nor does Rule 8(a) require greater specificity. The district court's hypothesis that the contract may contain some sort of error rate proffers a defense for QTC, which it is free to assert—but that speculation does not prevent Vatan from asserting a claim, based on information and belief, sufficient to withstand a motion to dismiss. Vatan's allegation that QTC submitted claims to the VA with knowledge or in reckless disregard or deliberate ignorance "of [QTC's] actual performance of the contractual requirements," supported by his pleading as to the nature of that contract, is sufficiently "plausible" to withstand a motion to dismiss under a theory of implied false certification. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Contrary to the district court's assertion, the specific contractual language and any contemplated error rate in the contract are immaterial to whether this claim is adequately pled. Vatan alleges that QTC essentially lied to the government as to whether the files were reviewed. That is a material

misrepresentation, for purposes of factually false certification, irrespective of any error rate built into the contract.

2. Vatan's complaint otherwise meets Rule 9(b)'s heightened pleading standard. Vatan has "allege[d] the who, what, when, where, and how of the misconduct charged, including what is false or misleading . . . and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (citation and internal quotation marks omitted). The allegations are "specific enough to give defendants notice of the particular [alleged] misconduct . . . so that they can defend against the charge." *Id.* (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

QTC's argument that Vatan has failed to adequately plead "who" was responsible for the misconduct is incorrect. Vatan has proffered the names of individuals allegedly involved in perpetuating the purported fraud. He has also alleged "with specificity how the company itself institutionalized and enforced its fraudulent scheme." *United States ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 125 (D.C. Cir. 2015). We have previously found that such allegations sufficiently identify "who" was involved, such that the defendant has the requisite notice to "defend against the charge." *United Healthcare*, 848 F.3d at 1180-81 (finding similar allegations sufficient under Rule 9(b)). The same is true here.

3. Vatan's claims satisfy Rule 8(a). Vatan has alleged the requisite elements of False Claims Act claims under theories of both factually false and implied false certification. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016); *United States ex rel. Campie v. Gilead Sciences, Inc.*, 862 F.3d 890, 898-99 (9th Cir. 2017). Regarding factually false certification, he alleges that QTC instructed analysts to always answer yes to question six on the VA checklist, "was the entire claims folder reviewed," irrespective of whether that answer was true. He provides specific examples of VA review in which the answer was, allegedly, *not* true. He therefore successfully alleges that QTC "misrepresent[ed] what goods or services . . . it provided to the government." *Campie*, 862 F.3d at 900.

As to implied false certification, Vatan alleges, in essence, that QTC charged the government for worthless services and concealed the worthlessness of those services. That concealment allegedly took the form of misrepresentations on the checklists that the files had been reviewed, while "omitting critical information" regarding the extraordinarily cursory—in some cases, as alleged by Vatan, nearly non-existent—nature of that review. *See Campie*, 862 F.3d at 903. The claims that Vatan alleges that QTC made here, like the claims in *Universal Health Services*, "fall squarely within the rule that half-truths—representations that state the truth

5

only so far as it goes, while omitting critical qualifying information—can be actionable misrepresentations." 136 S. Ct. at 2000.

We REVERSE and REMAND for further proceedings consistent with this disposition.

REVERSED and REMANDED.