95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clark COUCH, Plaintiff-Appellant,
and
Guy Wolcott, Plaintiff,
v.
DEPARTMENT OF FISH AND WILDLIFE; Randy Fisher, Director of
the Oregon Department of Fish and Wildlife; Rod Ingram,
Assistant Director of the Oregon Department of Fish and
Wildlife; Pete Barnhisel, Member of the Commission of the
Oregon Department of Fish and Wildlife; Susan Foster,
Member of the Commission of the Oregon Department of Fish
and Wildlife; Jim Habberstad, Member of the Commission of
the Oregon Department of Fish and Wildlife; Bob Jacobson,
Member of the Commission of the Oregon Department of Fish
and Wildlife; Katy O'Toole-Spencer, Member of the
Commission of the Oregon Department of Fish and Wildlife;
Phillip W. Schneider, Member of the Commission of the Oregon
Department of Fish and Wildlife; Jim Van Loan, Member of
the Commission of the Oregon Department of Fish and
Wildlife; Defendants-Appellees.
 No. 95-36184.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-appellant Clark Couch ("Couch") contends regulations promulgated by defendants-appellants Oregon Department of Fish and Wildlife ("ODFW"), et al., prohibiting commercial trafficking in elk and other cervids, violate the Commerce Clause of the United States Constitution. Following a three day trial, the Magistrate, acting pursuant to Fed.R.Civ.P. 73, concluded the regulations do not violate the Commerce Clause. Couch appeals pro se.
 
 
 3
 We review constitutional issues de novo. Destination Ventures, Ltd. v. FCC, 46 F.3d 54, 55 (9th Cir.1995). We have jurisdiction over this case pursuant to 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 4
 By his own account, Couch has been in the business of raising and hunting cervids for nearly 30 years. Currently, Couch is the proprietor of a 2000 acre ranch located near Ashwood, Oregon. Couch intended to use this ranch as a private hunting ground of elk, fallow deer and other types of cervids.
 
 
 5
 In 1993, ODFW, pursuant to its authority under Oregon Revised Statute § 496.138, promulgated regulations controlling the holding and propagating of cervid species. Or.Admin.R. § 635-49-000 et. seq. The ODFW enacted the regulations following its determination that the private holding of cervids for commercial or private use presented a threat to Oregon's cervid population. Accordingly, the regulations ban any commercial or private use of cervids, including hunting, absent a special license. Or.Admin.R. § 635-49-010 (prohibiting commercial or private use of cervids); Or.Admin.R. § 635-49-020 (providing special licensing procedures).
 
 
 6
 Following the implementation of these regulations, Couch[1] filed a motion to enjoin the enforcement of these regulations as violative of the Commerce Clause, Art. I § 8 of the Constitution, and the Takings Clause of the Fifth Amendment.[2] On June 9, 1995, after a three day trial, the Magistrate determined that the regulations did not violate the Commerce Clause. On October 12, 1995, the Magistrate dismissed the Takings Clause claim without prejudice based on the parties stipulation that the issue was not ripe for adjudication because Couch's application for variance with the regulations remained pending.
 
 I. Commerce Clause
 
 7
 We recently upheld Washington regulations, which prohibit the "importation, holding, possession, propagation, sale, transfer or release" of cervids, against a Commerce Clause attack. Pacific Northwest Venison Producers v. Smitch, 20 F.3d 1008, 1012 (9th Cir.), cert. denied, 115 S.Ct. 297 (1994). Under the reasoning of Pacific Northwest, we are compelled to uphold Oregon's nearly identical regulations.
 
 II. Takings Clause
 
 8
 Couch also appeals from the dismissal of his Takings Clause claim. Essentially his argument is that domesticated elk are not "wildlife" within the meaning of Oregon Revised Statute § 498.002, and therefore cannot be regulated by ODFW. Thus, according to Couch, the regulations' ban of privately owned elk violates the Takings Clause of the Fifth Amendment.
 
 
 9
 We express no views on the merits of Couch's argument because this issue is not properly before us. In the trial court, Couch agreed that this claim was not ripe for adjudication. Accordingly, Couch stipulated to a dismissal of this claim without prejudice.
 
 
 10
 A plaintiff may not appeal a dismissal without prejudice, unless there are conditions attached to the dismissal that create "sufficient prejudice in a legal sense." Concha v. London, 62 F.3d 1493, 1507 (9th Cir.1995) (citing Coursen v. A.H. Robins Co., 764 F.2d 1329, 1342, corrected 773 F.2d 1049 (9th Cir.1985)). "Sufficient prejudice" is the existence of some barrier preventing a plaintiff from commencing another action for the same cause, or that would otherwise subject the plaintiff to other "prejudicial terms or conditions." Id. at 1507. In the case at bench, the Magistrate imposed no conditions that would prevent Couch from commencing another Takings Clause action, or that would otherwise subject him to prejudicial terms or conditions. Accordingly, we decline to reach the merits of the Takings Clause claim.
 
 
 11
 AFFIRMED.***
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Couch's motion for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Guy Wolcott, a co-plaintiff in the case below, also joined in the motion. Wolcott has not joined in this appeal
 
 
 [2]
 Couch also claimed the regulations violated the Fourth Amendment's protection against warrantless searches and seizures. The Magistrate dismissed this claim on September 5, 1995, and Couch has not appealed the dismissal
 
 
 ***
 In light of the court's decision, all pending motions are denied