**HIGHWIRE PROMOTIONS, LLC, a Washington Limited Liability Company, Plaintiff–counter–defendant–Appellant,**

v.

**LEGEND MARKETING LLC, a Colorado Limited Liability Company; Legend, Inc., a Delaware corporation, Defendants–counter–claimants–Appellees.**

No. 06–55698.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007.*

Filed Jan. 10, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

———————

Christopher R. Baker, Esq., Ezra, Brutzkus & Gubner, Encino, CA, for Plaintiff–counter–defendant–Appellant.

Phillip A. Baker, Esq., Baker Keener & Nahra, Lisa A. Weixelman, Esq., Matthew R. Hale, Esq., Polsinelli Shalton Welte & Suelthaus, Kansas City, MO, for Defendants–counter–claimants–Appellees.

Before: SILVERMAN, WARDLAW, and IKUTA, Circuit Judges.

## MEMORANDUM **

Highwire Promotions, LLC ("Highwire") appeals the district court's grant of partial summary judgment in favor of Legend, Inc. ("Legend"). The district court concluded that Highwire failed to create a genuine issue of material fact as to whether Legend had "reason to foresee," when the parties contracted for the manufacture of 7,000 Playstation logo baseball hats, that a breach by Legend could result in Highwire losing its entire business relationship with Sony Computer Entertainment America, Inc. ("Sony").

Because Highwire voluntarily dismissed its remaining claims with prejudice, we have jurisdiction under 28 U.S.C. § 1291. *See Concha v. London,* 62 F.3d 1493, 1506–08 (9th Cir.1995).[1] We affirm.

The district court properly granted partial summary judgment in favor of Legend on Highwire's claim for consequential damages. Under California law, such damages "are those losses that do not arise directly and inevitably from any similar breach of any similar agreement. Instead, they are secondary or derivative losses arising from circumstances that are particular to the contract or to the parties." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.,* 34 Cal.4th 960, 968, 22 Cal.Rptr.3d 340, 102 P.3d 257 (2004). Consequential damages are recoverable only "if the special or particular circumstances from which they arise were actually communicated to or known by the breaching party (a subjective test) or were matters of which the breaching party should have been aware at the time of contracting (an objective test)." *Id.* at 968–69, 22 Cal.Rptr.3d 340, 102 P.3d 257. Special damages are thus losses that were actually foreseen or were reasonably foreseeable when the contract was formed. *Id.* at 970, 22 Cal.Rptr.3d 340, 102 P.3d 257 (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 515, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994)).

Viewing the evidence in the light most favorable to Highwire, there is no genuine issue of material fact as to whether Legend had "reason to foresee" that failing to timely deliver on a $11,900 contract for customized baseball hats could cost Highwire its entire long-term business rela-

---

** *This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.*

1. Accordingly, Legend's Motion to Dismiss for Lack of Jurisdiction is **DENIED.**

tionship with Sony, a relationship valued at up to $1.2 million. It is undisputed that at the time of contracting, Highwire did not inform Legend that Sony would terminate its relationship with Highwire or that its relationship was in jeopardy in the event of a breach. As the district court correctly found, the facts "show only that Legend had reason to know that the failure to timely deliver the [h]ats would likely result in the loss of that *particular* contract with Sony." The district court also properly considered Highwire's evidence showing Legend's knowledge of the importance of timely delivery of the hats and that Sony was the Highwire client that would receive the hats, as well as Legend's principal's business experience, and correctly concluded that this evidence was insufficient to preclude summary judgment.

Nor did the district court improperly rely on matters outside of the parties' briefs in reaching its conclusions or make any findings as to proximate cause. Finally, upon review of the record, we conclude that the district court did not improperly consider issues regarding its crowded docket in issuing its ruling in this case.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.