**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SYMANTEC CORPORATION,
            *Plaintiff-Appellee,*

v.

GLOBAL IMPACT, INC., a Florida
Corporation doing business as
www.global-impact.com, Global
Impact, Global Impact, Inc.
Distribution, and Global Impact
Corporation; JOSEPH CRISTINA, an
individual,
            *Defendants-Appellants.*

No. 07-56758

D.C. No.
CV-07-00126-DMS

ORDER

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted March 4, 2009*
Pasadena, California

Filed March 11, 2009

Before: Diarmuid F. O'Scannlain, Pamela Ann Rymer, and
Kim McLane Wardlaw, Circuit Judges.

---

*The panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

**COUNSEL**

Lorne Adam Kaiser, Romanello Professional Association, Sunrise, Florida, for appellants Joseph Christina and Global Impact, Inc.

Mark D. Baute, Patrick M. Maloney, and Henry H. Gonzalez, Baute & Tidus LLP, Los Angeles, California, for appellee Symantec Corporation.

---

**ORDER**

Global Impact, Inc. ("Global") appeals the district court's orders denying its motions to set aside the entry of default and reconsider the same. The clerk entered default against Global when it failed to plead or otherwise defend the adversary proceeding brought by Symantec Corporation. We dismiss because we lack jurisdiction over this appeal.

Although neither party raised the issue of our jurisdiction to entertain this appeal, we have a duty to consider it sua sponte. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007). Contrary to Global's assertions, the district court has not entered a default *judgment* against it; it has entered only a default. *See* Fed. R. Civ. P. 55(a)-(b) (describing the two-step process of "Entering a Default" and "Entering a Default Judgment"). Whereas we have jurisdiction to review a district court's order denying a motion to set aside the entry of a default judgment, *see* 28 U.S.C. § 1291; *Jeff D. v. Kempthorne*, 365 F.3d 844, 849-50 (9th Cir. 2004), we lack jurisdiction over an appeal from an order denying a motion to set aside the entry of default alone, *see Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986) (entry of default is not a final appealable order); *Baker v. Limber*,

647 F.2d 912, 916 (9th Cir. 1981) (same). Accordingly, we lack jurisdiction over this appeal.[1]

**DISMISSED.**

---

[1]Because we lack jurisdiction over this appeal, we express no opinion on the merits of the district court's orders.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.