**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANNA GALAZA,
  *Plaintiff-Appellant*,

   v.

CHAD WOLF*,
  *Defendant-Appellee.*

No. 17-17037

D.C. No.
2:16-cv-00878-RFB-CWH

OPINION

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted October 4, 2019
San Francisco, California

Filed April 8, 2020

Before: Richard A. Paez and Daniel P. Collins, Circuit
Judges, and Jennifer Choe-Groves,** Judge.

Opinion by Judge Choe-Groves;
Concurrence by Judge Paez;
Concurrence by Judge Collins

---

&ast; Chad Wolf is substituted for his predecessor, Jeh Charles Johnson, as Acting Secretary, Department of Homeland Security, under Federal Rule of Appellate Procedure 43(c)(2).

&ast;&ast; The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY[***]

### Appellate Jurisdiction

The panel dismissed an appeal for lack of appellate jurisdiction under 28 U.S.C. § 1291 because the district court's decision was not final for purposes of conferring jurisdiction in plaintiff's action alleging claims under federal and state law after her employment with the Transportation Security Administration was terminated.

Plaintiff filed a first amended complaint asserting Title VII claims for sex discrimination, race discrimination, and retaliation; and filed a motion for reconsideration regarding the dismissal of her Rehabilitation Act claim. The district court: denied the government's motion to dismiss the first amended complaint without prejudice to renewal; found that plaintiff had otherwise adequately pled Title VII sex and race discrimination claims; did not separately address plaintiff's Title VII retaliation claim; and denied plaintiff's motion for reconsideration, affirming its decision that the Aviation and Transportation Security Act preempted the Rehabilitation Act.

The panel dismissed for lack of jurisdiction because plaintiff voluntarily dismissed what she thought were her sole remaining claims without prejudice after the district court dismissed her Rehabilitation Act claim, and because the district court did not meaningfully participate in the dismissal of those claims and did not formally dismiss an

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

additional remaining claim.  The panel further held that the procedural posture of the case indicated that the district court did not intend to enter a final judgment and that the retaliation claim was still before the district court.

Judge Paez concurred in the judgment.  He agreed that there was no subject matter jurisdiction over the appeal, but he would reach that determination on a narrower ground. Judge Paez would hold that plaintiff's outstanding retaliation claim prevented the district court's dismissal of the Rehabilitation Act claim from being designated as a final judgment under 28 U.S.C. § 1291, and he would not reach the issue of whether plaintiff's voluntary dismissal could be construed as one with prejudice for purposes of establishing a final judgment.

Judge Collins concurred in the majority opinion which held that there was no jurisdiction over the appeal of the dismissal of plaintiff's Rehabilitation Act for two reasons, and wrote separately to respond to Judge Paez's concurrence, which took issue with the second reason. Judge Collins wrote that Judge Paez was wrong in suggesting that plaintiff's voluntary dismissal of her race and sex discrimination claims without prejudice presented no jurisdictional obstacle in this case; and rather, on this record, it was the principal obstacle to appellate jurisdiction.

## COUNSEL

Jenny L. Foley, Ph.D. (argued) and Marta Kurshumova, HKM Employment Attorneys LLP, Las Vegas, Nevada; Philip J. Trenchak and Victoria C. Mullins, Mullins & Trenchak, Las Vegas, Nevada; for Plaintiff-Appellant.

Holly A. Vance (argued), Assistant United States Attorney; Elizabeth O. White, Appellate Chief; Nicholas A. Trutanich, United States Attorney; United States Attorney's Office, Reno, Nevada; for Defendant-Appellee.

## OPINION

CHOE-GROVES, Judge:

Appellant Anna Galaza appeals the district court's dismissal of her Rehabilitation Act claim. As a threshold matter, we consider whether we have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Because Galaza voluntarily dismissed what she thought were her sole remaining claims without prejudice after the district court dismissed her Rehabilitation Act claim, and because the district court did not meaningfully participate in the dismissal of those claims and did not formally dismiss an additional remaining claim, we dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

Galaza began working as a Transportation Security Officer with the Transportation Security Administration ("TSA") in April 2003. After being injured several times in 2004 and 2005, Galaza was given a "permanent limited duty position" but was eventually removed from this position in 2006. TSA terminated her employment in 2010.

In 2016, Galaza filed a complaint in the United States District Court for the District of Nevada, alleging numerous federal and state law claims, including violations of Title VII of the Civil Rights Act of 1964, and a violation of the Rehabilitation Act based on disability discrimination. The government filed a motion to dismiss Galaza's claims; the

government argued as to the Rehabilitation Act claim that the district court lacked subject matter jurisdiction because any such claim is preempted by the Aviation and Transportation Security Act ("ATSA").

The district court granted the government's motion with prejudice as to all claims except the Title VII hostile work environment, sex discrimination, and retaliation claims. The district court granted Galaza an opportunity to amend as to those remaining claims. The district court specifically found the Rehabilitation Act claim preempted by the ATSA.

Galaza then filed her first amended complaint asserting Title VII claims for sex discrimination, race discrimination, and retaliation. She also filed a motion for reconsideration regarding the dismissal of her Rehabilitation Act claim. The government filed a motion to dismiss the first amended complaint and opposed Galaza's motion for reconsideration. In her opposition to the government's motion to dismiss, Galaza consented to the dismissal of her retaliation claim with prejudice.

On September 12, 2017, the district court denied the government's motion to dismiss without prejudice to renewing the motion after a brief period of discovery addressed to the issue of whether Galaza had adequately exhausted her administrative remedies. The court found that Galaza had otherwise adequately pled Title VII sex and race discrimination claims. The district court did not separately address Galaza's Title VII retaliation claim. The district court also denied Galaza's motion for reconsideration, affirming its decision that the ATSA preempts the Rehabilitation Act.

On October 11, 2017, Galaza filed a notice of voluntary dismissal of her race and sex discrimination claims without

prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), followed by a notice of appeal.[1] The district court was never asked to, and did not, enter a separate judgment. Before this court, Galaza only seeks review of the dismissal of her Rehabilitation Act claim.

## II. ANALYSIS

We first determine whether we have jurisdiction over this appeal. *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) ("Although neither party raised the issue of our jurisdiction to entertain this appeal, we have a duty to consider it sua sponte."). We asked the parties to address at oral argument our jurisdiction to hear this appeal. In response to our request, the government now asks that we dismiss this appeal because the district court's decision was not final for purposes of conferring jurisdiction under 28 U.S.C. § 1291. We agree.

Under the final judgment rule embodied in 28 U.S.C. § 1291, the courts of appeals have jurisdiction over appeals from all final decisions of the district courts of the United States. *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010). The United States Supreme Court has affirmed the

---

[1] Galaza was not required to seek the district court's permission to voluntarily dismiss these claims, because the government never served an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). The district court clerk, however, initially rejected the notice of voluntary dismissal, and it was refiled the next day. The reason for the clerk's action is unclear from the record, because the two notices are identical. To the extent that the clerk's action in rejecting the initial notice of voluntary dismissal may have created a further issue by rendering premature Galaza's notice of appeal, that separate prematurity issue was eliminated when the second notice of voluntary dismissal was filed a day later. *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir. 1980).

general rule that "the whole case and every matter in controversy in it [must be] decided in a single appeal." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (quoting *McLish v. Roff*, 141 U.S. 661, 665–66 (1891)) (alteration in original) (internal quotation marks omitted).

Though there was no separate judgment entered by the district court, we have previously ruled that a Rule 41(a)(1) voluntary dismissal of all remaining claims with prejudice can potentially act in some circumstances to create an appealable final judgment under 28 U.S.C. § 1291. *See Concha v. London,* 62 F.3d 1493, 1506–09 (9th Cir. 1995). We have also ruled that a "voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal." *Id.* at 1507.

There is an exception to this general principle, as established in *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002).[2] In *James*, the district court granted the plaintiff's motion to dismiss her remaining claims so that she could pursue an appeal after the district court had granted partial summary judgment dismissing the majority of her claims. *Id.* at 1065. Although the dismissal was without prejudice, we determined the judgment was final and appealable in this circumstance because: 1) there was no evidence of any attempt to manipulate appellate jurisdiction; and 2) the plaintiff had sought the district court's permission to dismiss the remaining claims. *Id.* at 1066–68. For these reasons, we held that "when a party that has suffered an

---

[2] We have also found that in limited circumstances it is proper for us to treat a dismissal without prejudice as a dismissal with prejudice, if it is consistent with the clear intent of the district court and the parties. *See Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 750 (9th Cir. 2008); *Concha*, 62 F.3d at 1508–09. There is no such clear intent in this case.

adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291." *Id.* at 1070.

We subsequently clarified that *James* had carved out "an exception to the general rule that '[i]n the absence of [a Rule 54] determination and direction [from the court of an entry of a final judgment], any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims[.]'" *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888–89 (9th Cir. 2003) (quoting Fed. R. Civ. P. 54(b)) (alterations in original). Any interpretation otherwise "would undermine Rule 54(b) and add uncertainty to the final judgment rule." *Id.* at 889.

In *American States Insurance Company*, we found no jurisdiction to consider an appeal because 1) both parties had attempted to create appellate jurisdiction through manipulation; and 2) the district court did not meaningfully participate in the voluntary dismissal of all remaining claims after granting partial summary judgment. *Id.* at 885–89. We noted that "the active involvement of the district court . . . would have empowered the district court to manage the development of this action, thereby facilitating efficiency[] [and] avoiding this premature appeal." *Id.* at 889.

Here, we are presented with a situation where there is no overt record evidence of any attempt to manufacture appellate jurisdiction through manipulation. Both parties at oral argument claimed no intent to do so. Galaza's counsel stated during oral argument that, although Galaza had initially dismissed her race and sex discrimination claims

without prejudice in the hope that the exhaustion issue might be resolved, Galaza now has no intention of refiling these claims. It appears that the decision to voluntarily dismiss Galaza's remaining Title VII claims without prejudice, versus with prejudice, was made without awareness of the potential effects on this court's jurisdiction.

What is clear from the record is that there was no meaningful district court participation in Galaza's voluntary dismissal of all remaining claims after the district court denied the government's motion to dismiss the first amended complaint and Galaza's motion for reconsideration. Because Galaza never requested an entry of partial final judgment under Rule 54(b), the district court was not informed in advance that Galaza had any intent to appeal the dismissal of her Rehabilitation Act claim, or that Galaza had any intent to voluntarily dismiss her remaining claims to seek appellate review.

Both parties raised issues at oral argument that illustrate the importance of district court involvement in resolving whether a case is ripe for review. Galaza's counsel argued that as a practical matter, the dismissal of the race and sex discrimination claims is *now* effectively with prejudice because the statute of limitations has since expired for Galaza's Title VII race and sex discrimination claims. Dismissal with prejudice would make the dismissal potentially appealable. *See Ward v. Apple Inc.*, 791 F.3d 1041, 1045 (9th Cir. 2015) ("We have repeatedly recognized that voluntary dismissals with prejudice that produce an adverse final judgment may be appealed."). While it is true that "subsequent events can validate a prematurely filed appeal," *Anderson*, 630 F.2d at 681, Galaza's argument overlooks the well-settled rule that entry of a final judgment by the district court is still needed to make appealable an

order that otherwise would have been non-final, *see, e.g.*, *Cato v. Fresno City*, 220 F.3d 1073, 1074–75 (9th Cir. 2000); *Eastport Assocs. v. City of Los Angeles*, 935 F.2d 1071, 1075 (9th Cir. 1991); *Anderson*, 630 F.2d at 681. If Galaza wanted to appeal the dismissal of her Rehabilitation Act claim while she kept her race and sex discrimination claims alive, she needed the district court's permission to do so. *See* Fed. R. Civ. P. 54(b); *see also Am. States Ins. Co.*, 318 F.3d at 888–89.

The government in turn argued that there is a question regarding whether Galaza's retaliation claim remains active in light of the district court's failure to separately address that claim in its order denying the government's motion to dismiss the first amended complaint. A literal reading of the relevant record suggests that the retaliation claim is still pending: because the district court did not separately mention that claim, the court's denial of the government's motion to dismiss *in toto* without prejudice presumably extended to that claim.

All these arguments ultimately pertain to whether an appeal of a potential non-final order or judgment should be allowed. This court has regularly expressed that a district court's involvement in the voluntary dismissal of a plaintiff's claims carries substantial weight in determining whether appellate jurisdiction is proper. In *James*, the district court's participation in the dismissal of the claims without prejudice allowed the district court to review the plaintiff's reasons for seeking dismissal, thus allowing the district court in effect to make "a determination that its adjudication of those claims was ripe for review[.]" 283 F.3d at 1069. In *American States Insurance Company*, because the district court was not involved when the parties filed a stipulation to dismiss a claim without prejudice, we

noted that "[b]y circumventing the district court's involvement, even for practical considerations, parties do not make judgments final. They merely eliminate the district court's gate-keeping role and unnecessarily increase [the appellate court's] own tasks." 318 F.3d at 889–90.

Despite the lack of evidence of any attempt to manufacture appellate jurisdiction through manipulation, the circumstances of this case emphasize the need for district court involvement in this sort of dismissal so that the district court can offer a "clear indication of finality[,]" which would avoid "confus[ing] the parties and the public." *Id.* at 889. In this case, the procedural posture indicates that the district court did not intend to enter a final judgment and that the retaliation claim is still before the district court. Either circumstance would be sufficient to warrant dismissal of the appeal. Though Rule 41(a)(1) may not have required Galaza to seek permission of the court to voluntarily dismiss her remaining claims, the district court's involvement was needed to establish whether that dismissal would produce a final, appealable judgment or order. We therefore hold that when a party that has suffered an adverse partial judgment subsequently dismisses any remaining claims without prejudice, and does so without the approval and meaningful participation of the district court, this court lacks jurisdiction under 28 U.S.C. § 1291.

Thus, this appeal is **DISMISSED** for lack of appellate jurisdiction.

PAEZ, Circuit Judge, concurring in the judgment:

I agree with the majority that we lack subject-matter jurisdiction over Galaza's appeal, but I reach this determination on a narrower ground.

There are two hurdles Galaza must clear to establish that the dismissal of her Rehabilitation Act disability discrimination claim is a final, appealable judgment under 28 U.S.C. § 1291: her unresolved Title VII retaliation claim, and her voluntary dismissal without prejudice of her Title VII race and gender claims under Federal Rule of Civil Procedure 41(a)(1)(A)(i). The majority concludes we lack subject-matter jurisdiction because the pending retaliation claim precludes a final judgment and the "district court's involvement was needed" to establish whether Galaza's voluntary dismissal resulted in an appealable final judgment. *See* Maj. Op. 4, 11.

I agree that Galaza fails to cross the first hurdle. Her outstanding retaliation claim prevents the court's dismissal of the Rehabilitation Act claim from being designated as a final judgment under 28 U.S.C. § 1291. I disagree that Galaza's voluntary dismissal cannot be construed as one with prejudice for purposes of establishing a final judgment; but, because Galaza's pending retaliation claim alone forecloses subject-matter jurisdiction, I would not reach the issue.

After a district court rules on a dismissal or summary-judgment motion, a plaintiff may voluntarily dismiss her remaining claims without prejudice under Rule 41(a)(1)(A)(i). Such a dismissal, however, will ordinarily not result in a final judgment a plaintiff may appeal. *See Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1342 (9th Cir. 1985), *corrected*, 733 F.2d 1049. As this case

demonstrates, when the district court dismisses or grants summary judgment on fewer than all the plaintiff's claims and the plaintiff dismisses her remaining claims in order to appeal the dismissal or partial summary judgment order, the finality of the court's partial judgment is called into question. Allowing the plaintiff to immediately appeal the partial order would fragment the litigation and prevent the case from being reviewed in one proceeding. *See Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 228 (9th Cir. 1975).

But we have adopted a "pragmatic evaluation of finality," *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 890 (9th Cir. 2003), and carved out exceptions under which voluntary dismissals without prejudice can effectively result in final decisions under section 1291, *see James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002). These exceptions still require "sufficient prejudice in a legal sense," *Coursen*, 764 F.2d at 1342, or, some assurance that no part of the plaintiff's claim will remain in the district court and create a risk of piecemeal appeals of the same case. *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980).

In *Concha v. London*, we held that the plaintiffs' voluntary dismissal without prejudice of their claims was a final, appealable judgment under 28 U.S.C. § 1291 because the parties had entered into a stipulation that assured us the plaintiffs intended to dismiss their claims with prejudice. 62 F.3d 1493, 1508–09 (9th Cir. 1995). The parties had agreed that if the district court denied the plaintiffs' motion to remand the case to state court, the plaintiffs would dismiss their complaint while preserving "any and all appeal rights in the state action." *Id.* at 1505. This stipulation, we explained, made clear that the parties "intended that the

Conchas be afforded the right to appeal the denial of the motion to remand," an intention which could be accomplished only through a dismissal with prejudice. *Id.* at 1508.

In *James*, we echoed the reasoning in *Concha* and held that the plaintiff's voluntary dismissal of her remaining claims rendered the district court's partial grant of summary judgment an appealable order. 283 F.3d at 1066–70. We explained that James's reasons for seeking dismissal of her remaining claims "seem[ed] entirely legitimate," and the district court had actively participated in the dismissal because it was brought under Rule 41(a)(2), not 41(a)(1). *Id.* at 1068. Although James could theoretically resurrect her dismissed claims at a later date, by dismissing her claims she "assume[d] the risk that, by the time the case returns to district court, the claim will be barred by the statute of limitations or laches." *Id.* at 1066.

We have continued to construe voluntary dismissals without prejudice under Rule 41(a)(1) as being with prejudice where it is clear that is what the parties intended. *See, e.g.*, *Robertson v. Dean Witter Reynolds*, *Inc.*, 749 F.2d 530, 533 (9th Cir. 1984); *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 746–51 (9th Cir. 2008). We do not have jurisdiction, as the majority notes, over appeals where the appealing party acted contrary to the express intent or instruction of the district court, *see Fletcher v. Gagosian*, 604 F.2d 637, 638–39 (9th Cir. 1979), or where the parties intended to preserve the possibility of re-filing their dismissed claims at a later date, *see Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074–75 (9th Cir. 1994); *Cheng v. C.I.R.*, 878 F.2d 306, 311 (9th Cir. 1989).

There are clear indications Galaza intended her dismissal of the race and gender claims to be final. She effectively

conceded in the district court she failed to administratively exhaust these claims and did not indicate she had returned to the EEOC, risking them being barred by the statute of limitations or foreclosed by laches. *See James*, 283 F.3d at 1066; *see also* 42 U.S.C. § 2000e-5(e). She did not structure an agreement or otherwise attempt to preserve her rights to re-file these claims in the district court. *See James*, 283 F.3d at 1066. And although the district court did not actively participate in the dismissal of her remaining claims, she did not act contrary to the court's instructions. She appears to have dismissed the remaining claims in order to pursue an appeal of the Rehabilitation Act claim. *See id.* at 1069. Galaza's voluntary dismissal under Rule 41(a), then, is likely effectively "with prejudice" under *Concha* and the cases that follow it. For these reasons—had the retaliation claim been formally dismissed, either by Galaza or the district court—the order dismissing her Rehabilitation Act claim would likely be final for purposes of our jurisdiction under section 1291.

But, because I agree that Galaza's outstanding retaliation claim forecloses any possibility that the district court's dismissal order is a final judgment disposing of the entire litigation, I agree with the court's judgment dismissing this appeal for lack of jurisdiction. I would not reach whether Galaza's voluntary dismissal also precludes our jurisdiction. Therefore, I concur only in the judgment.

COLLINS, Circuit Judge, concurring:

I concur in Judge Choe-Groves' majority opinion, which correctly holds that we lack jurisdiction over Galaza's appeal of the dismissal of her Rehabilitation Act claim because (1) Galaza failed to formally dismiss her separate retaliation claim (which the parties agreed should be dismissed *with* prejudice), and (2) she filed her appeal without first obtaining the "approval and meaningful participation of the district court" in the dismissal of her remaining race and sex discrimination claims *without* prejudice. *See* Majority Opinion at 11. I write briefly to respond to Judge Paez's concurrence, which takes issue with the second holding.

According to Judge Paez, Galaza's voluntary dismissal of her race and sex discrimination claims without prejudice probably presents no jurisdictional obstacle because this case "likely" falls within a line of authority in which we have "construe[d] voluntary dismissals without prejudice under [Federal] Rule [of Civil Procedure] 41(a)(1) as being *with* prejudice where it is clear that is what the parties intended." *See* J. Paez Concurrence at 14–15 (emphasis added). The suggestion that Galaza clearly intended a with-prejudice dismissal of these claims rests on the premise that Galaza "effectively conceded in the district court she failed to administratively exhaust these claims and did not indicate she had returned to the EEOC, risking them being barred by the statute of limitations or foreclosed by laches." *See id.* at 14–15. However, both the premise and the conclusion of this argument are wrong. Galaza never conceded in the district court that her race and sex discrimination claims were unexhausted. And nothing about the objective record provides the requisite "unambiguous evidence" that Galaza's dismissal, at the time it was filed, was intended to be with prejudice. *Romoland Sch. Dist. v. Inland Empire*

*Energy Ctr., LLC*, 548 F.3d 738, 751 (9th Cir. 2008); *see also Concha v. London*, 62 F.3d 1493, 1509 (9th Cir. 1995) (recharacterizing without-prejudice dismissal as with prejudice when it was "clear" from the record that that was the effect the parties "intended the dismissal to have").

The course of the litigation up to the time of Galaza's voluntary dismissal refutes any suggestion that Galaza effectively conceded that she had failed to administratively exhaust her race and sex discrimination claims. Far from conceding the exhaustion point, Galaza expressly opposed the Government's request for dismissal of those claims for lack of exhaustion; she conceded only that her *retaliation* claim had not been exhausted. Moreover, the Government itself initially conceded in connection with its first motion to dismiss that the *sex discrimination* claim had been exhausted, and only in its subsequent motion to dismiss did it argue that both the race and sex discrimination claims were unexhausted. Galaza, however, opposed that second motion to dismiss these claims and did so *successfully*: the district court denied that motion as inadequately supported. In doing so, the court ordered the parties to undertake a brief period of discovery addressed to the exhaustion issue, after which the Government could file a further motion to dismiss if warranted. Shortly thereafter, Galaza dismissed her race and sex discrimination claims without prejudice and filed an appeal of the dismissal of her Rehabilitation Act claim. Accordingly, at the time of that voluntary dismissal, Galaza had consistently—and successfully—opposed the Government's arguments that her race and sex discrimination claims were unexhausted. On this record, the suggestion that Galaza had "effectively conceded in the district court she failed to administratively exhaust these claims," *see* J. Paez Concurrence at 14–15, is inaccurate.

Other features of the objective record further negate any suggestion that Galaza actually meant to abandon her race and sex discrimination claims *with* prejudice. Because the district court left the parties free to conduct whatever discovery or other inquiry was necessary to resolve the exhaustion issue, nothing about the subsequent without-prejudice dismissal *required* Galaza or the Government to cease their own efforts to examine the underlying facts concerning exhaustion. The posture of the case, as framed by Galaza, thus created a clear opportunity for her to pursue an interlocutory appeal of the dismissal of the Rehabilitation Act claim—without the district court's permission—while simultaneously reviewing the available records on the issue of exhaustion and assessing whether these claims could survive a future renewed motion to dismiss. This objective opportunity to attempt a two-track litigation strategy further negates any suggestion that, from the outset, Galaza intended her without-prejudice dismissal to actually be with prejudice. Indeed, at the oral argument in this case, Galaza's counsel acknowledged that Galaza had hoped that the exhaustion issue might be satisfactorily resolved after the dismissal. *See* Majority Opinion at 8–9. This acknowledgement simply confirmed what is already apparent from the district court record: Galaza's without-prejudice dismissal did *not* represent a definitive abandonment of her race and sex discrimination claims. We therefore cannot recharacterize that dismissal as having been intended to be with prejudice.

It makes no difference that, as Judge Paez notes, Galaza "appears to have dismissed the remaining claims in order to pursue an appeal of the Rehabilitation Act claim." *See* J. Paez Concurrence at 15. Indeed, to allow that fact by itself to support recharacterizing a without-prejudice dismissal as a with-prejudice dismissal would effectively eliminate the

well-settled rule—acknowledged by Judge Paez's concurrence—that a plaintiff's dismissal of his or her remaining claims without prejudice "will ordinarily not result in a final judgment a plaintiff may appeal." *See* J. Paez Concurrence at 12; *see also Concha*, 62 F.3d at 1507 ("A voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal."). If a without-prejudice dismissal followed by an appeal were enough to convert the dismissal into a with-prejudice dismissal, then the ordinary rule would never apply. Here, the objective possibility that Galaza was trying to take an unauthorized interlocutory appeal without abandoning her remaining claims is affirmatively a reason to *apply* the ordinary rule.

In all events, there is no basis in this record for concluding that it is "clear," *Concha*, 62 F.3d at 1509, or "unambiguous," *Romoland*, 548 F.3d at 751, that Galaza actually intended to dismiss her race and sex discrimination claims with prejudice at the time that they were dismissed. If anything, the record is clear that this was *not* Galaza's intent. But if there were any doubts on this score, we would have to resolve them in favor of leaving undisturbed Galaza's express designation of her dismissal of these claims as being "without prejudice."

Finally, as the majority opinion correctly notes, the fact that Galaza *now* has effectively abandoned her race and sex discrimination claims does not retroactively create appellate jurisdiction over her unauthorized appeal. *See* Majority Opinion at 9–10. The ability to recharacterize a without-prejudice dismissal as being a with-prejudice dismissal applies only if it is clear *at the time of dismissal* that that is what was intended. *Romoland*, 548 F.3d at 747–51; *Concha*, 62 F.3d at 1506–09. By contrast, we have never allowed a

party, who objectively kept his or her options open while pursuing an unauthorized appeal, to later invoke a change of heart as a basis for subsequently validating such an appeal.

For all of these reasons, Judge Paez is wrong in suggesting that Galaza's voluntary dismissal of her race and sex discrimination claims without prejudice presents no jurisdictional obstacle to us in this case. Rather, on this record, it is the principal obstacle to our jurisdiction.[1] I therefore concur in Judge Choe-Groves' opinion in full.

---

[1] By contrast, Galaza's failure to realize that her retaliation claim was technically still pending is a jurisdictional defect of the most formalist sort. While I agree that this defect should be cured as well before Galaza pursues any subsequent appeal in this case, *see* Majority Opinion at 11, *that* defect—unlike Galaza's dismissal of the race and sex discrimination claims without prejudice—reflects an inadvertent failure to formally implement the unambiguous and clear intent of Galaza (and the Government) that this claim be dismissed with prejudice.