NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E.R.E. VENTURES, LLC, a Delaware limited liability company; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DAVID EVANS AND ASSOCIATES, an Oregon corporation; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> KOLOA PACIFIC CONSTRUCTION, INC.; et al., <br><br> Defendants. | No.   18-56573 <br><br> D.C. No. <br> 2:17-cv-01561-R-RAO <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 3, 2020
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

District Judge.

In 2008, Appellant entities (collectively E.R.E.), began renovating their property on Catalina Island. General contractors performed grading and excavation work, while David Evans & Associates (DEA) and Langan Engineering conducted certain preliminary services, including a soil report that revealed the presence of naturally occurring asbestos. In 2015, after DEA and Langan had completed their services, E.R.E. discovered that asbestos was dispersed over the property, allegedly spread during construction.

In 2017, E.R.E. sued their contractors, including DEA and Langan, under the Comprehensive Environmental Response, Compensation, and Liability Act and an array of common-law theories. E.R.E. sought to recover cleanup and remediation costs incurred due to the asbestos contamination. The district court granted DEA's and Langan's motions for partial summary judgment, denying E.R.E.'s claims against them. E.R.E. then settled with the other defendants before trial. This appeal relates solely to E.R.E.'s claims against DEA and Langan.

Following the grant of partial summary judgment in favor of DEA and Langan, all parties—including the defendants not subject to this appeal—filed a joint stipulation dismissing their remaining claims without prejudice. The district court did not approve the stipulation or otherwise participate in the voluntary dismissal. Rather, the district court simply entered a minute order noting that the

case "should have been closed on entry date 10/31/2018." The district court never entered a final judgment.

This court only has jurisdiction over appeals from a final judgment. *See Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020). "[A] voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal." *Id.* (citation omitted) (emphases in the original). Our recent decision in *Galaza* requires that the district court "meaningfully participate" in the voluntary dismissal of claims in order for this court to have jurisdiction over the appeal. *Id.* at 1271. Meaningful participation means more than the court simply entering an order allowing (without necessarily approving) a voluntary dismissal, as the district court did in this case. *Cf. James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066 (9th Cir. 2002) (noting the "district court's participation" in the voluntary dismissal). There is an exception to this general rule: "when a party that has suffered an adverse partial [summary] judgment subsequently dismisses remaining claims without prejudice *with the approval of the district court*, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable." *Id.* at 1070 (citation omitted) (emphasis added).

For example, in *American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888 (9th Cir. 2003), we concluded that we did not have jurisdiction because the district

court did not meaningfully participate in dismissal of the claims. Indeed, we stated that, "[a]lthough the district court 'approved' the stipulations to amend and dismiss, such approval cannot be said to involve meaningful consideration or participation by the district court inasmuch as the parties were entitled to do so without leave of the court." *Id.* (citations and footnote reference omitted). Thus, unlike in *James*, there was no jurisdiction at least in part because the district court was never empowered "to manage the development of this action, thereby facilitating efficiency [and] avoiding [a] premature appeal." *Id.* at 889.

Similarly, in *Galaza*, we determined that there was no appellate jurisdiction, as "the district court did not meaningfully participate in the dismissal" of claims voluntarily dismissed without prejudice under Rule 41(a)(1), 954 F.3d at 1269, and the district was never allowed to "make 'a determination that its adjudication of those claims was ripe for review,'" *id.* at 1272 (quoting *James*, 283 F.3d at 1069). We concluded that, "though Rule 41(a)(1) may not have required Galaza to seek permission of the court to voluntarily dismiss her remaining claims, the district court's involvement was needed to establish whether that dismissal would produce a final, appealable judgment or order." *Id.* We held "that when a party that has suffered an adverse partial summary judgment subsequently dismisses any remaining claims without prejudice, and *does so without the approval and*

*meaningful participation of the district court*, this court lacks jurisdiction under 28 U.S.C. § 1291." *Id.* (emphasis added).

In addition, the record contains evidence that the parties intended to manufacture jurisdiction. Correspondence between the parties reflected that E.R.E. was adamant about conditioning its stipulation to dismiss on retaining the ability to revive its claims depending on the outcome of the appeal. Under these circumstances, no appellate jurisdiction exists.

For the reasons discussed, we grant Appellees DEA and Hall Foreman, Inc.'s Motion to Dismiss for Lack of Jurisdiction filed on February 25, 2019.

**APPEAL DISMISSED**.

18-56573