NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EHM PRODUCTIONS, INC., DBA TMZ, a California corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> STARLINE TOURS OF HOLLYWOOD, INC., a California corporation, <br><br> Defendant-Appellant. | No. 19-55288 <br><br> D.C. No. 2:16-cv-02001-SJO-GJS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 10, 2020
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,** District
Judge.

Starline Tours of Hollywood, Inc. (Starline) appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

orders dismissing its First Amended Counterclaim (FACC) and denying its motion for leave to amend. We dismiss this appeal for lack of appellate jurisdiction.

1. Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over "final decisions of the district court." *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997). Generally, "a voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal." *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020) (cleaned up). A limited exception to this rule—which Starline seeks to invoke—permits an appeal "when a party that has suffered an adverse partial judgment subsequently dismisses its remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002) (cleaned up). We recently reemphasized that this exception applies only if the dismissing party secures "the approval and meaningful participation of the district court." *Galaza*, 954 F.3d at 1272.

Here, "there was no meaningful district court participation in" the parties' "voluntary dismissal" of their surviving claims. *Id.* at 1271. The parties effected this dismissal through a "Joint Stipulation re Dismissal of Action Without Prejudice" under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Rule 41(a)(1)(A) is a mechanism for voluntary dismissal "Without a Court Order," and

the parties' joint dismissal did not request an order or entry of partial judgment. The district court issued no further orders in this case. Because the district court played no role in the parties' voluntary dismissal of the claims, that dismissal did not produce a final, appealable order. *Galaza*, 954 F.3d at 1272.

2.      Starline's arguments to the contrary are unavailing.

First, while the joint stipulation stated that the voluntary dismissal was "at the suggestion of the Court," it also noted that this suggestion was "to avoid an unnecessary appearance at the pre-trial conference," rather than a substantive direction as to the remaining claims. In any event, even if "the district court approved the stipulation to . . . dismiss, such approval cannot be said to involve meaningful consideration or participation by the district court inasmuch as the parties were entitled to do so without leave of the court." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888 (9th Cir. 2003) (cleaned up).

Second, the clerk of court's entry of the "Report on the Filing or Determination of an Action Regarding a Patent or Trademark" on the district court docket is irrelevant. Clerks of court are required by statute to transmit certain information in this form to the United States Patent and Trademark Office. 15 U.S.C. §§ 1116, 1127. That the clerk fulfilled this reporting requirement after the parties dismissed their claims does not signify that the district judge meaningfully participated in the voluntary dismissal.

3

3. Finally, the record does not contain "unambiguous evidence" that the parties intended their stipulation of voluntary dismissal to serve as a dismissal with prejudice. *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 751 (9th Cir. 2008). Unlike in some of our prior cases, *see id.* at 750, the stipulation here expressly stated that the dismissal was "without prejudice." Nor did the stipulation "permit . . . appeal of the underlying order they considered determinative" or serve some other function that would counsel in favor of treating their stipulation as effecting a "dismissal with prejudice." *Concha v. London*, 62 F.3d 1493, 1508 (9th Cir. 1995) (cleaned up).

**DISMISSED**.