**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, an Ohio corporation,<br><br>  Plaintiff-Appellee,<br><br>v.<br><br>JEFFERY WOOD, individually and as assignee of Stephen Milionis and Milionis Construction, Inc. and ANNA WOOD, individually and as assignee of Stephen Milionis and Milionis Construction, Inc.,<br><br>  Defendants-Appellants,<br><br>and<br><br>MILIONIS CONSTRUCTION, INC., a Washington Corporation,<br><br>  Defendant. | No.   20-35124<br><br>D.C. No. 2:17-cv-00341-SMJ<br><br>MEMORANDUM<sup>*</sup> |

---

<sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted April 12, 2021[**]
Seattle, Washington

Before: HAWKINS and CALLAHAN, Circuit Judges, and FITZWATER,[***] District Judge.

This civil action involving insurance coverage and related claims and counterclaims is before us a second time. As before, we DISMISS the appeal for want of a final, appealable judgment.

I

Because the parties are familiar with the facts and procedural history, we restate only what is necessary to explain our decision.

Plaintiff-counterdefendant The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati") filed this lawsuit seeking relief declaring that it had no duty to defend or indemnify its insured, defendant Milionis Construction, Inc. ("Milionis Construction"), in an underlying state-court lawsuit ("Underlying Suit") brought against Milionis Construction and Stephen Milionis ("Stephen") by Jeffrey and Anna

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Wood, who are defendants-counterplaintiffs in this case. After settling the Underlying Suit, the Woods, individually and as assignees of Milionis Construction and Stephen, asserted counterclaims against Cincinnati for bad faith and violations of the Washington Insurance Fair Conduct Act and the Consumer Protection Act.

On November 20, 2018 the district court granted partial summary judgment dismissing the Woods' counterclaims for violations of the Insurance Fair Conduct Act and the Consumer Protection Act, but denied summary judgment on their bad faith counterclaim. On November 26, 2018 the district court granted partial summary judgment declaring that Cincinnati was not required to indemnify defendant Milionis Construction in the Underlying Suit. On December 10, 2018 the district court granted in part and denied in part the Woods' motion for reconsideration, reinstating their Consumer Protection Act counterclaim to the extent premised on bad faith, but declining otherwise to reconsider its prior rulings.[1]

On December 19, 2018 the Woods appealed the November 20 and 26, 2018 and December 10, 2018 orders and judgments. On May 30, 2019 a panel of this court

---

[1] The orders filed on November 20 and 26, 2018 directed the clerk of court to enter judgments in accordance with the orders, which the clerk did. Neither judgment was certified as final under Fed. R. Civ. P. 54(b). On December 10, 2018, having granted in part the Woods' motion for reconsideration, the district court directed the clerk to vacate the judgment entered on November 20, 2018 and reenter judgment for Cincinnati on the Woods' counterclaim under the Insurance Fair Conduct Act, which the clerk did. The December 10, 2018 judgment, like the prior judgments, was not certified as final under Rule 54(b).

dismissed the appeal for lack of jurisdiction. The panel concluded that "[t]he district court's orders challenged in this appeal did not dispose of the action as to all claims and all parties, and the district court did not enter judgment as to any claim under Federal Rule of Civil Procedure 54(b)." *Cincinnati Specialty Underwriters Ins. Co. v. Wood* ("*Cincinnati I*"), No. 18-36065, at 1-2 (9th Cir. May 30, 2019) (order).

On November 8, 2019 the parties informed the district court that they had reached an agreement in principle to settle the case.[2] They submitted on January 17, 2020 an expedited stipulated motion for order of dismissal without prejudice, in which they advised the district court that they had agreed to dismiss without prejudice the Woods' counterclaims for bad faith and violation of the Consumer Protection Act that had survived summary judgment. The parties "further stipulated and agreed that this dismissal shall not affect the Woods' ability to appeal the dismissal of their counterclaims that were previously dismissed on summary judgment (*i.e.*, the Woods' assigned claims for breach of contract and violation of the Insurance Fair Conduct Act)." *Id.* at 2.

On January 23, 2020 the district court dismissed this case. Stating that it was acting "[c]onsistent with the parties' agreement and Federal Rule of Civil Procedure

---

[2] According to Cincinnati's supplemental brief, the parties agreed that the Woods would dismiss their remaining claims without prejudice, Cincinnati agreed to toll any remaining limitation period for the Woods' claims, and the parties reserved all other rights.

41(a)," the court granted the parties' expedited stipulated motion for order of dismissal without prejudice. The order stated, in pertinent part:

> **2.** All remaining claims (*i.e.*, Defendants Woods' claims for bad faith and violation of the Consumer Protection Act), are **DISMISSED WITHOUT PREJUDICE,** with all parties to bear their own costs and attorneys' fees.
>
> **3.** This dismissal shall not affect the Woods' ability to appeal the dismissal of their counterclaims on summary judgment (*i.e.*, the Woods' assigned claims for breach of contract and violation of the Insurance Fair Conduct Act).
>
> * * *
>
> **6.** The Clerk's Office is directed to **CLOSE** this file.

On February 12, 2020 the Woods again appealed the November 20 and 26, 2018 and December 10, 2018 orders and judgments.

Noting our prior dismissal of the appeal in *Cincinnati I* and the post-dismissal procedures that followed, we directed the parties to file briefs addressing the issue of whether the orders challenged in this appeal are final, appealable orders over which this court has jurisdiction. We have considered the parties' submissions and the relevant parts of the appellate record, and we now hold for a second time that we lack appellate jurisdiction and that the appeal must be dismissed.

## II

"Parties may only appeal 'final decisions of the district courts.'" *Am. States Ins.*

- 5 -

*Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (quoting 28 U.S.C. § 1291).

"The final judgment rule promotes judicial efficiency, avoids multiplicity of litigation and minimizes delay by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy." *Id.* (quoting *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1074 (9th Cir.1994) (internal quotation marks and brackets omitted)).  Although neither side questioned in the principal briefing whether we have appellate jurisdiction, we are obligated to note our own lack of jurisdiction, *sua sponte*, if necessary.  *See, e.g., Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020) ("'Although neither party raised the issue of our jurisdiction to entertain this appeal, we have a duty to consider it sua sponte.'") (quoting *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)).

"A 'voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal.'"  *Galaza*, 954 F.3d at 1270 (quoting *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995)).  While there are instances in which a court of appeals has jurisdiction where a dismissal was without prejudice, *see id.*, we have declined to recognize an exception to the general no-jurisdiction rule where the parties attempted to create appellate jurisdiction through manipulation and the district court did not meaningfully participate in the voluntary dismissal of all remaining claims after granting partial summary judgment.  *See id.* at 1271 (citing *Am. States*

- 6 -

*Ins. Co.*, 318 F.3d at 885-89).

Dismissal under this standard does not require both manipulation and an absence of meaningful participation. In *Galaza*, for example, we dismissed an appeal where the plaintiff voluntarily dismissed without prejudice what she thought were her sole remaining claims after the district court dismissed one of her claims. Although there was no overt record of evidence of any attempt to manufacture appellate jurisdiction through manipulation, *see id.*, we dismissed the appeal on the basis that the district court did not meaningfully participate in the dismissal of those claims and did not formally dismiss an additional remaining claim, *id.* at 1269. We noted that "[t]his court has regularly expressed that a district court's involvement in the voluntary dismissal of a plaintiff's claims carries substantial weight in determining whether appellate jurisdiction is proper." *Id.* at 1272. And we concluded that "when a party that has suffered an adverse partial judgment subsequently dismisses any remaining claims without prejudice, and does so without the approval and meaningful participation of the district court, this court lacks jurisdiction under 28 U.S.C. § 1291." *Id.*

In the instant case, following the dismissal of the appeal in *Cincinnati I*, the parties agreed that the Woods' claims that survived summary judgment—their counterclaims for bad faith and violation of the Consumer Protection Act—would be

dismissed, but without prejudice. And they agreed that the dismissal would not affect the Woods' ability to appeal the dismissal of their counterclaims that were dismissed on summary judgment. The parties did not request, and the district court did not direct, entry of a final judgment under Rule 54(b) for any of the judgments that disposed of Cincinnati's declaratory judgment claim or the Woods' other counterclaims.[3] In sum, the February 12, 2020 notice of appeal of the November 20 and 26, 2018 and December 10, 2018 orders and judgments appealed the dismissal of fewer than all the counterclaims that the Woods asserted against Cincinnati, and the district court did not direct entry of a final judgment under Rule 54(b) as to any of the judgments on appeal.

We hold that the district court did not meaningfully participate in the dismissal

---

[3] Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

without prejudice of the Woods' remaining counterclaims. Following the panel's dismissal in *Cincinnati I* of the Woods' first appeal, the parties reached a settlement that they apparently thought would enable the Woods to appeal the district court's adverse rulings without jeopardizing the counterclaims that had not been dismissed. Their proposal at once preserved the Woods' ability to appeal the dismissal and to litigate the remaining counterclaims, tolling any remaining limitation period for those claims. The parties presented their agreed disposition to the district court by means of an expedited stipulated motion. The district court honored their request for an expedited ruling, entering a dismissal order six days later. Although the district court did not use the precise form of order that the parties submitted, its order of dismissal was essentially the same, albeit with additional provisions addressing ministerial matters such as the disposition of pending motions, hearings, and deadlines, and directing that the case be closed.[4] But there is no indication that the district court considered the appropriateness of the dismissal without prejudice of the bad faith and Consumer Protection Act counterclaims, a factor we deemed pertinent in *American States Insurance Company* when determining whether there was the requisite meaningful participation. *See Am. States Ins. Co.*, 318 F.3d at 888 (distinguishing *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066-69 (9th Cir. 2002), on the basis

---

[4]     And, as noted, there was no Rule 54(b) directive that the judgments be entered as final.

that the district court's participation in the dismissal indicated that it considered the appropriateness of the dismissal without prejudice). What the record does reflect is that, following the dismissal in *Cincinnati I*, the parties crafted a means that they intended would revive the appeal, and the district court approved their proposed method as presented. In the specific factual context of this case, this was not meaningful participation.

*   *   *

Accordingly, we DISMISS this appeal.

**DISMISSED**.