**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES K. SONG; et al., | No. 21-16933 |
| Plaintiffs-Appellants, | D.C. No. 5:18-cv-06283-LHK |
| ADAM E. ENGEL, | |
| Appellant, | MEMORANDUM* |
| v. | |
| AARON DRENBERG, | |
| Defendant-Appellee, | |
| and | |
| ALEXA PETTINARI; MARK L. PETTINARI, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted June 16, 2023**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

Plaintiffs-Appellants James K. Song, FaircapX, Inc., Mithrandir, Inc., Faircap Partners, LLC, and Faircap Angels, Inc., and Appellant Adam E. Engel appeal from various discovery rulings after Plaintiffs-Appellants voluntarily dismissed their case without prejudice under Rule 41(a)(1)(A)(i) before the district court. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). We dismiss the appeal for lack of jurisdiction.

Our jurisdiction under 28 U.S.C. § 1291 extends only to appeals from "final decisions." In dismissing Plaintiff-Appellants' earlier appeal, we held that "[w]e lack jurisdiction over this appeal because a voluntary dismissal without prejudice is generally not a final judgment, and no exception to that general rule applies here." *Song v. Drenberg*, 850 Fed. App'x 591, 592 (9th Cir. 2021) (unpublished) (citations omitted); *see also Galaza v. Wolf*, 954 F.3d 1267, 1270–72 (9th Cir. 2020). We also held that the previously challenged discovery rulings were not immediately appealable under the collateral order doctrine. *Id.* We decline to revisit these rulings. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court[.]" (citations and internal quotation marks omitted)).

Similarly, the discovery rulings issued after we dismissed the previous

2

appeal are not immediately appealable under the collateral order doctrine. *See Cunningham v. Hamilton County*, 527 U.S. 198, 204, 210 (1999) (holding that "a sanctions order imposed on an attorney is not a 'final decision' under § 1291" and is not immediately appealable under the collateral order doctrine); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 n.3 (9th Cir. 2018) ("[A]n order to produce discovery isn't immediately appealable. The subsequent sanctions order . . . [is] likewise interlocutory and non-appealable until entry of final judgment." (citations omitted)); *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir. 1989) ("Discovery orders are not final appealable orders under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders under the collateral order doctrine." (citation omitted)). Accordingly, we dismiss this appeal for lack of jurisdiction.

**DISMISSED.**