NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RILLA HUML, | No.   22-55362 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00489-DOC-KES |
| v. | |
| SERVIS ONE, INC., DBA BSI Financial Services, a Delaware corporation, authorized to do business in California; WILMINGTON TRUST FUND SOCIETY FSB, a Delaware corporation, doing business, but not authorize do business, as CHRISTIANA TRUST in California) as Trustee, for BROUGHAM FUND I TRUST, an unknown entity; ZIEVE, BRODNAX AND STEELE, LLP, a California Limited Liability Partnership; WELLS FARGO BANK, N.A., S/B/M Wachovia Mortgage, FSB; WELLS FARGO BANK SOUTH CENTRAL, N.A.; DOES, 1 through 10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 5, 2023**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Rilla Huml appeals pro se after voluntarily dismissing without prejudice her claims against Wilmington Trust Fund Society FSB, the sole remaining defendant in Huml's action alleging violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and state law stemming from the servicing and transfer of her mortgage loan. We dismiss this appeal for lack of jurisdiction.

Huml's notice of appeal was timely only as to her voluntary dismissal of the claims without prejudice. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed 30 days after judgment or order appealed); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). "A voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal," unless "1) there [is] no evidence of any attempt to manipulate appellate jurisdiction; and 2) the plaintiff . . . sought the district court's permission to dismiss the remaining claims." *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020) (citation and internal quotation marks omitted). Because Huml did not seek the "approval and meaningful participation of the district court" in the dismissal of her claims, such as by seeking entry of partial final judgment under Federal Rule of Civil Procedure

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

54(b), we lack jurisdiction over this appeal. *Id.* at 1272; *see* Fed. R. Civ. P. 54(b);

*see also WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)

("[A] plaintiff, who has been given leave to amend, may not file a notice of appeal

simply because he does not choose to file an amended complaint. A further district

court determination must be obtained.").

Wells Fargo's request for judicial notice, Dkt. Entry No. 15, is denied.

**DISMISSED.**