NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES DONAGHE; ALVARO ORTIZ,

Plaintiffs - Appellants,

v.

SHERMAN ELEMENTARY; SAN DIEGO
UNIFIED SCHOOL DISTRICT; NICOLE
ENRIQUEZ; SAN DIEGO UNIFIED
SCHOOL DISTRICT POLICE
DEPARTMENT; JOSCLYN HOPE
DAVIS,

Defendants - Appellees.

No. 24-7799

D.C. No.
3:24-cv-00359-MMA-DDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted April 23, 2026[**]
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Mark C. Scarsi, United States District Judge for the
Central District of California, sitting by designation.

Plaintiffs-Appellants James Donaghe and Alvaro Ortiz, a gay couple who live across the street from Sherman Elementary, began filming traffic conditions around the school during student pick-up and drop-off times to document their concerns about driver behavior in the area. Parents of children at the school became upset about their children being filmed, and the resulting tension led to a physical altercation between Donaghe and a parent, as well as a different parent yelling homophobic epithets at Donaghe. Plaintiffs filed suit against Defendants-Appellees the San Diego Unified School District ("SDUSD"), Sherman Elementary,[1] and Nicole Enriquez (the principal of Sherman Elementary), asserting Title IX sex discrimination, 42 U.S.C. § 1983 First Amendment retaliation, federal common law nuisance, and state law claims.

The district court dismissed without leave to amend and with prejudice: Sherman Elementary as a defendant, the Title IX claims against all Defendants, and the § 1983 and federal nuisance claims against SDUSD. It dismissed *with* leave to amend the § 1983 and federal nuisance claims against Enriquez. It dismissed without prejudice the state law claims, declining to exercise supplemental jurisdiction.

Plaintiffs filed an amended complaint that named as Defendants the SDUSD

---

[1] Although Plaintiffs originally named "Sherman Heights Elementary" as Defendant, the school's actual name is "Sherman Elementary."

Police Department, Enriquez, and Josclyn Hope Davis (a Sherman Elementary parent), realleging the § 1983, federal nuisance, and state law claims. The next day, Plaintiffs filed a notice of voluntary dismissal, dismissing their amended complaint without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiffs then appealed the district court's earlier dismissal order but stated they did so only "with respect to" certain claims that had been dismissed with prejudice and without leave to amend. Plaintiffs refiled the other claims in state court.[2]

We must determine whether we have jurisdiction over the case before considering any of the parties' arguments about the merits. With limited exceptions not applicable here, we have appellate jurisdiction only over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. "A court order for dismissal of a complaint, with leave to amend, is in most cases [n]ot a final decision from which an appeal may be taken." *Fletcher v. Gagosian*, 604 F.2d 637, 639 (9th Cir. 1979). Relatedly, a district court's dismissal with prejudice and

---

[2] Defendants' motion for judicial notice (Dkt. No. 36) is granted in part as to Exhibit A: the state-court complaint in *James Donaghe, et al. v. Sherman Academy, et al.*, Case No. 24CU029958C. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979))). It is otherwise denied as moot.

without leave to amend of some but not all of the defendants or claims in a complaint is not a final decision unless the district court chooses to direct entry of final judgment as to those claims, which it may do "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Fletcher*, 604 F.2d at 638.

Plaintiffs argue that the district court's order should be considered final now that Plaintiffs have voluntarily dismissed their other claims without prejudice. But a plaintiff's unilateral decision to voluntarily dismiss a case after a court dismisses a subset of the claims without leave to amend does not transform the court's dismissal into a final order as to the claims dismissed without leave to amend. *Fletcher*, 604 F.2d at 639. As we have previously held, that approach would undermine policies against multiplicity of litigation and piecemeal appeals. *See id.*; *see also Microsoft Corp. v. Baker*, 582 U.S. 23, 37-41 (2017) (holding that the plaintiffs in a putative class action cannot voluntarily dismiss their claims to manufacture finality and bypass the procedures set out in Federal Rule of Civil Procedure 23(f) for interlocutory appeals of class certification rulings because it would "subvert[] the final-judgment rule" and "invite[] protracted litigation and piecemeal appeals"). Plaintiffs did not seek an entry of final judgment as to the claims they now ask us to review.

Although our court has, in some cases, construed voluntary dismissals

without prejudice as appealable final judgments, the cases Plaintiffs cite to support our exercising jurisdiction here are distinguishable. In *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002), the district court approved the plaintiff's voluntary dismissal under Rule 41(a)(2) and entered a judgment against the plaintiff under Rule 58. *Id.* at 1066, 1068. We noted there that there was "no evidence . . . that [the plaintiff] attempted to circumvent Rule 54(b)," and that the "record shows that [the plaintiff] requested—and the district court intended to grant—a final, appealable judgment." *Id.* at 1068. Here, Plaintiffs dismissed the case unilaterally, without the district court's input. In *Concha*, 62 F.3d 1493, although the plaintiffs similarly dismissed their case without prejudice and without the district court's approval under Rule 41(a)(1), we noted that in the specific procedural situation of that case, refiling the claims in either state or federal court would have been fruitless and therefore construed the dismissal as a dismissal with prejudice. *Id.* at 1508-09. Here, Plaintiffs have already refiled the claims that they voluntarily dismissed without prejudice in state court and indicate in their briefing that they intend to pursue those claims there, so clearly refiling would not be fruitless.[3]

---

[3] Plaintiffs also refiled the claims against Sherman Elementary that were dismissed with prejudice, arguing that that because the state-court complaint refers to Sherman Elementary by a different name (Sherman Academy), the federal dismissal is irrelevant, despite it being clear that the same entity is the intended Defendant in both complaints.

Plaintiffs' actions here were "an impermissible attempt to manufacture finality" and bypass the procedures in Rule 54(b). *James*, 283 F.3d at 1066 (citation modified). Because there is no final order in this case, we do not have jurisdiction.

**DISMISSED**.